*Present—CHARLES J. McDONALD, } Judges.
HENRY L. BENNING,

---

No. 1.—James W. Smith, plaintiff in error, *vs.* Franklin D. Gonder, defendant in error.

In an action of trespass, for felling and carrying away trees, the damages to be recovered, will be, at least, equal to the value of the trees, as they lie felled.

Trespass *quare clausum fregit*, in Warren Superior Court. Tried before Judge Thomas, at October Term, 1856.

This was an action of trespass brought by James W. Smith, against Franklin D. Gonder, for entering plaintiff's premises and cutting down and carrying off his trees. Damages were laid in the declaration at eight hundred dollars.

Upon the trial, on appeal, plaintiff proved possession of the premises upon which the alleged trespass was committed, and that the land from which the trees were cut, contained about four acres and a half. That there was about one hun-

---

* Judge Lumpkin was absent during this Term of the Court, on account of indisposition.

dred and fifty trees cut by defendant; they were cut for cross-ties for the Georgia Railroad; that each tree would make from five to twenty ties; and were sold to the Railroad at from 25 to 31¼ cents a piece; that the land was worth, with the trees upon it, about ten dollars per acre; that the lap of each tree would make a cord of wood, which was worth a dollar and a quarter per cord; the wood would pay the expense of hauling the cross-ties to the road. The land was near the Railroad.

Defendant introduced no testimony.

Counsel for defendant requested the Court to charge the jury, that their verdict could not exceed the value of the land with the trees standing on it; the Court charged as requested. The jury found for the plaintiff $154: whereupon defendant's counsel moved the Court for a new trial, on the ground, that the verdict was contrary to the evidence and the charge of the Court. The *rule nisi* was made returnable to the next succeeding term of the Court, at which Term, (April 1857,) the rule was made absolute and a new trial ordered, and plaintiff excepted.

Plaintiff's counsel requested the Judge to put on the minutes of the Court his written opinion with the reasons therefor. The Judge wrote out his decision and ordered the same to be entered on the minutes, but refused to write out his reasons therefor, and counsel for plaintiff excepted.

E. H. POTTLE, for plaintiff in error.

STEPHENS & JOHNSTON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

What was the measure of the damages in this case? The value of the *trees* at the time when they were felled, and at the place where they were felled. This we think was the measure of the damages. *Martin vs. Porter*, 5. Mees. &

Smith vs Gonder.

*Wels.* 351 ; *Wild and others, vs. Holt,* 9 *do.* 671 ; *Sedg. Meas. Dam.* 356, 483, 484, *and note* 485, 486.

The Court below told the jury, that their verdict could not exceed the value of the land with the trees standing on it. That would depend upon whether the trees as they lay felled, were worth no more than the land with the trees standing on it; that is, upon the cost of felling the trees. The charge may possibly have been true, but it does not state the rule.

Was the verdict contrary to the evidence?

Was there any evidence to show, that the amount of the verdict was the value of the trees, as they lay felled?

We think not. There was evidence showing that the trees were cut from four acres and a half of land, and that the land, with the trees standing upon it, was worth ten dollars an acre. The amount of the verdict was $154. This evidence, then, was not calculated to show, that the trees as they lay felled, were worth the amount of the verdict.

There was also evidence showing, that the number of trees cut, was about one hundred and fifty; that the trees were each made into from five to twenty cross-ties ; and that each cross-tie was worth from twenty-five to thirty-one and one quarter cents ; and that the laps of the trees were cut up into wood, and that the lap of each tree would make a cord of wood, worth one dollar and a quarter. But there was no evidence showing what it cost to *make* a cross-tie, or what it cost to cut up the laps into wood. Therefore there was no evidence showing how much had to be deducted from the value of the trees in their new form of cross-ties, and wood, to get at the value of the trees, in their old form, viz : the form they had as they lay felled on the ground. Consequently, there was no evidence showing, that first so much had to be deducted, as would leave $154, the amount of the verdict.

The verdict then, was not *supported* by the evidence. We may say that much of it.

The declaration was for carrying away *trees,* not cross-

ties and wood. Therefore, the plaintiff was not entitled to recover the value of the cross-ties and of the wood. Had the declaration been for carrying away the cross-ties and the wood, the question, whether the damages would have been the value of the cross-ties and wood, or that value, less the cost of converting the trees into the cross-ties and wood, would have been a doubtful and a different question. *See cases cited in Sedgewick, supra.*

The judgment granting the new trial, will not be disturbed.

It may not be amiss to say, that in finding what was the value of the trees, as they lay on the ground, the fitness of the trees for cross-ties or for fire wood, or for any other useful purpose, as well as the convenience of their situation to a market, ought to be taken into consideration. And showing the value of that into which the trees might be converted, and the cost of the process of conversion, might be one way of arriving at the value of the trees.

Judgment affirmed.