## 49644. BAILEY v. BRUCE et al.

STOLZ, Judge.

The defendant appeals via certificate for immediate review from an order of the trial court directing him to produce certain documents requested by the plaintiffs in their notice to produce.

George E. Bruce and Tom Sexton brought suit against I. S. Bailey, Jr., individually and doing business as I. S. Bailey, Jr., Inc., in the Superior Court of Spalding County. The plaintiffs were sub-contractors, the defendant the general contractor on Georgia State Highway Department Project Number RAB (6) SP

1635 (5). Each plaintiff sought to recover one-half of earned retainage for work done in the contract (Counts 1 and 2) and plaintiff Sexton sought to recover the fair market value plus rental of a front-end loader, which the defendant allegedly orally contracted to sell to Sexton, but sold to another.

The items requested in the plaintiffs' notice to produce which were objected to by the defendant, were (1) the charter, by-laws and all corporate minutes of I. S. Bailey, Jr., Inc.; (2) all bank statements and canceled checks of I. S. Bailey, Jr. and I. S. Bailey, Jr., Inc. for the calendar years 1968 through 1972 inclusive; (3) all documents showing governmental reports for information and taxation, including tax information both federal and state, for each calendar year since the incorporation of I. S. Bailey, Jr., Inc. up to and including the year 1972 for I. S. Bailey, Jr., Inc.; (4) all documents showing tax returns, both federal and state, for each tax year since the incorporation of I. S. Bailey, Jr., Inc., through and including 1972 for I. S. Bailey, Jr., Inc.; and (5) all documents showing tax returns both federal and state, during and for the calendar years 1971 and 1972 for defendant I. S. Bailey, Jr.

The trial judge's order compelling the production of the documents requested, read as follows: "The above-entitled matter having come on the regular motion calendar on April 19, 1974 for hearing on the Defendant's objections to the production of the documents listed in Items 1 through 5 of the Plaintiffs' Notice to Produce Documents, said objections appearing on said calendar by stipulation of counsel for all parties and said matter, by similar stipulation, being limited to objections to production on the basis of relevancy and materiality (no other objections having been made to the production of these documents and no representation having been made that these documents are not in existence); Now, Therefore, it is hereby ordered that said objections be and are hereby overruled, the same having been the oral pronouncement of this Court on April 19, 1974, after hearing argument of counsel and after having reviewed the file in this matter. The Defendant is directed to produce those documents requested in Items 1 through

5 of the plaintiffs' Notice to Produce to which he had heretofore objected. This 13th day of May, 1974. /s/ Andrew J. Whalen, Jr."

Defendant I. S. Bailey, Jr. filed written objections on May 1, 1974, enlarging the basis for his objections to the notice to produce.

1. Paragraphs 1 and 2 of each count of the complaint allege: "1. The Defendant, I. S. Bailey, Jr. may be served with summons of process at Route 4, Griffin, Spalding County, Georgia. Defendant is subject to the jurisdiction of this Court. The Defendant, I. S. Bailey, Jr. does business under the name of I. S. Bailey, Jr., Inc. In reality, I. S. Bailey, Jr. and I. S. Bailey, Jr., Inc. are one and the same and the corporate name is nothing more than a business name employed by the defendant individually. With respect to the subject matter of this action the defendant would therefore be personally liable if I. S. Bailey, Jr., Inc. would be liable. 2. On or about July 6, 1971, the Plaintiffs entered into a subcontract with the Defendant wherein the plaintiffs contracted to borrow, load and haul a large quantity of fill dirt for use in the construction of .946 miles of road in Bulloch and Screven Counties, Georgia, on Georgia State Highway Department Project Number RAB(6) SP1635 (5). A copy of said sub-contract is attached hereto as Exhibit 'A' and made a part hereof by reference."

The *defendants* filed *their answer* and counterclaim to the complaint. The defendants did not answer each of the paragraphs of the complaint, but merely alleged: "The few true and correct statements contained in the plaintiffs' complaint are so confusingly interwoven with the large volume of false allegations that it is impossible for the defendants to separate the two and therefore the defendants deny each and every allegation contained in Count One, Count Two and Count Three of the plaintiffs' complaint."

"Code Ann. § 81A-108 (b, d) (Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230) provides in part: '(b) A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as

to the truth of an averment, he shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied . . . (d) Averments in a pleading prior to which a responsive pleading is required, . . . are admitted when not denied in the responsive pleading.' Prior to the enactment of the Civil Practice Act, an evasive answer to an allegation which was necessarily within the knowledge of the defendant, was treated as an admission. Code of 1933, § 81-308; *Raleigh & G. R. Co. v. Pullman Co.,* 122 Ga. 700 (5) (50 SE 1008). The provisions of the Civil Practice Act quoted above indicate that the same rule should apply under that Act." *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480, 486 (175 SE2d 847).

There is nothing "confusingly interwoven" in the allegations of the complaint above quoted so as to make it impossible for the defendant to deny those parts which might have been untrue. Surely, the defendant knew if the address — for service of summons, and jurisdiction of the court — was correct, to say nothing of the existence of the contract attached to the complaint, its date and execution. This evasive and palpably untrue pleading is, therefore, treated as an admission of the truthfulness of the allegations of Paragraphs 1 and 2.

For the foregoing reasons, the defendant's first enumeration of error is without merit.

2. The defendant's second enumeration of error complains that the trial judge erred in requiring appellant to produce his personal federal and state tax returns for the years 1971 and 1972, as well as bank statements and canceled checks of the appellant of 1968 through 1972. The defendant relies on the decision of the Supreme Court in *Hill v. Willis,* 224 Ga. 263, 267 (3) (161 SE2d 281) in support of his position. *Hill v. Willis* was a wrongful-death action in which the defendant sought to have produced "income tax records" of the plaintiff's deceased husband. The Supreme Court held that such "terminology includes in addition to the 'returns' all records supporting or authorizing each entry on such tax returns, both income and deductions," and that such a notice to produce is "too broad, too indefinite and unreasonably extensive."

The case before us presents an entirely different factual situation. Here, I. S. Bailey, Jr. and I. S. Bailey, Jr., Inc., are alleged to be one and the same and the corporate name nothing more than a business name employed by the defendant individually. The documents sought to be produced are the federal and state tax returns for the years 1971 and 1972. The basis of the defendant's objection is that of relevancy. The Supreme Court in *Hill v. Willis,* supra, did not hold that such were not subject to discovery. In rendering its decision, it observed, "Thus, assuming without deciding that 'tax returns' showing the reported 'income' of a decedent are admissible in evidence and subject to a notice to produce . . ." *Hill v. Willis,* supra, p. 267. As noted in the trial judge's order, the objections to the notice to produce appeared on the regular motion calendar pursuant to stipulation of counsel, and by similar stipulation the objections were limited to those of relevancy and materiality (no others having been made). The defendant is bound by these stipulations and cannot, after the court has announced its ruling orally, subsequently file written objections enlarging on the objections made at the time the matter was before the trial judge for determination. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Code Ann. § 81A-126 (b) (1) (Ga. L. 1966, pp. 609, 635; as amended, Ga. L. 1972, p. 510). By the overwhelming weight of authority, income tax returns are not privileged. See 23 AmJur2d 562, Depositions and Discovery, § 202; 58 AmJur 301, Witnesses, § 536; 27 CJS 232, Discovery, § 72 (d); Discovery and Inspection of Income Tax Returns in

Actions Between Private Individuals, 70 ALR2d 240; Fed. Rules of Civ. Proc.,Rule 34, note 46, 28 USCA.

For the foregoing reasons, the trial judge did not err in denying the defendant's objections to the plaintiffs' notice to produce, and his judgment is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED SEPTEMBER 6, 1974 — DECIDED OCTOBER 1, 1974.

*Carlisle, Johnson & Newton, John R. Carlisle,* for appellant.

*Campbell & Bouchillon, R. P. Campbell, Galkin, Katz & Tye, Donald A. Weissman,* for appellees.