## 30050. AKIN et al. v. PATTON.

INGRAM, Justice.

Vera Patton, the appellee, filed an application in the Court of Ordinary (now Probate Court) of DeKalb County to probate the will of Nora A. Smith in solemn form. Appellants filed a caveat and evidence was presented. The alleged will was admitted to probate and appellants filed an appeal to the Superior Court of DeKalb County where the issues were tried de novo to a jury and a verdict was rendered in favor of the appellee. We affirm the judgment of the trial court.

The appellants' first enumeration of error is that at the time the jurors were being qualified they were asked by the trial judge whether they were related by blood or marriage to appellants' counsel in the case. The contention is that this was prejudicial to appellants as it implied that the attorney had a pecuniary interest in the case when there was no showing he was employed on a contingent fee basis. If this were error, it fell equally on both sides as the trial judge also qualified the jurors as to any relationship with appellee's counsel. Under Code Ann. § 59-705 prospective jurors may be examined "touching any matter or thing which would illustrate any interest of the juror in the cause, including . . . the relationship or acquaintance of the juror with the parties or counsel therefor." See also *Glover v. Maddox,* 100 Ga. App. 262, 265 (111 SE2d 164). This enumeration of error is without merit.

Appellants' second enumeration of error concerns the preliminary instructions of the trial judge to the jury at the beginning of the trial. Appellants assert that these general orientation instructions amounted to an erroneous "charge of law" and were misleading and confusing to the jury. The instructions of the trial judge identified the testatrix, propounder and caveators of the will and explained which side had the burden of proof so the jury would understand the order in which opening statements and evidence were to be presented by the parties. The trial judge overruled appellants' objection to these instructions and refused a subsequent request to instruct the jury to ignore them. Appellants contend that these general instructions not only were misleading and confusing to the jury but also expressed or intimated the judge's opinion on some of the merits of the case in violation of Code Ann. § 81-1104.

Neither side has cited any authority to indicate whether or not the trial judge may give the jury preliminary instructions and an outline of the case. We believe it is often helpful for the trial judge to give some general instructions to the jury at the beginning of the trial to orient them to the trial procedures and nature of the case. The danger encountered in giving detailed instructions at the beginning of the trial is that inadvertently the trial judge may misstate the contentions of the parties or may suggest thoughts which might intrude upon the jury's prerogative to weigh all the evidence. Thus, it is important that any preliminary instructions given by the trial judge avoid misstating the contentions of the parties and the issues in the case. Otherwise, the trial judge may unwittingly express some opinion or influence the jury into giving greater weight to one witness over another. Of special concern in this case is the judge's statement that, "the basic issue in the case for your determination is whether or not the will was valid when executed by Nora A. Smith when she made the will." The trial judge later asserted that the propounders had the initial burden of proof to "make out a prima facie case by showing the factum of the will and that at the time of its execution the testatrix apparently had sufficient mental capacity to make it and so acted freely and

voluntarily. When this is done, the burden of proof shifts to the caveators, the objectors of the will."

These instructions were generally correct but did not relate in detail the full contentions of the appellants. For example, some of appellants' contentions were that the purported will was a forgery, that it was made as a result of undue influence, mistake and the like. It is error to give in charge to the jury at the close of the case a misstatement of the contentions of a party. See *Nassau v. Sheffield,* 211 Ga. 66 (84 SE2d 4) (1954); *Baker v. Moore,* 182 Ga. 131 (184 SE 729) (1935); *Mitchell v. Gay,* 111 Ga. App. 867 (143 SE2d 568) (1965). It is also error to misstate the contentions of the parties before any evidence is heard. When this occurs, there is a real danger of prejudicing the jury to one side or the other as they listen to the case develop from the testimony. However, we do not believe that happened in this case. The basic issue was the validity of the will and the various grounds of the caveat filed by appellants necessarily dealt with this issue. We also note that each of the contentions of the parties was fully charged at the conclusion of the evidence and the trial judge cautioned the jury that nothing the trial judge did or said during the trial was intended to intimate, hint or suggest which of the parties should prevail in the case. Therefore, we conclude that the preliminary instructions given by the trial judge were not misleading, confusing or expressive of an opinion so as to require a reversal of the case.

Enumerations of error 3 and 4 deal with the trial judge's refusal to allow a broad question about the testatrix' condition prior to her death which occurred approximately three years after she executed the purported will. The trial judge, upon sustaining the objection to this question, stated that "knowledge of the testatrix is relevant up to the time of execution of the will in evidence." Appellants contend that relevant evidence was excluded by this ruling of the trial court. Relevant evidence about the testatrix' state of mind at the time of the execution of the will includes testimony relating to a reasonable period of time before and after the execution of the will. See *English v. Shivers,* 220 Ga. 737 (141 SE2d 443) (1965). In our view, the question was too broad and

the trial judge correctly sustained an objection to it. No evidence was excluded about the period of time reasonably surrounding the execution of the will. The statement of the the trial judge, contrary to the assertion of the appellants, was not an expression of opinion, in violation of Code Ann. § 81-1104.

Enumeration of error no. 5 concerns the trial judge's failure to admit into evidence a letter written by the testatrix more than six months after the execution of the alleged will which apparently indicates the appellee disagreed with the testatrix' wishes as to her residence by insisting the testatrix follow her doctor's advice to move to a nursing home. However, the letter is vague and ambiguous and does not specifically mention moving to a nursing home. It makes no reference to a will but does refer to the doctor and to the appellee. The letter does not illustrate the testatrix' state of mind when the will was executed more than six months earlier and it was not relevant to any issue in the case. Therefore, the letter was correctly excluded. The case of *Credille v. Credille,* 123 Ga. 673 (3) (51 SE 628), relied on by appellants, is not applicable under the facts of this case. In that case, this court held it was not error to admit into evidence declarations of the testator made within a few months after execution of an alleged will to the effect that the testator had not made a will. The letter offered in this case contains no similar assertion by the testatrix and does not reflect on the state of mind of the testatrix at the time the present purported will was executed. We find no error here.

Enumeration of error no. 6 complains of the trial judge's refusal to give the following charge: "A mistake that would invalidate the will and cause it to be set aside is such a mistake as would cause the textatrix, Nora A. Smith, to leave some or all of her estate to some beneficiaries named in her will." The requested charge is not adjusted to the facts of this case and does not contain a correct principle of law applicable to the case. See *Davis v. Aultman,* 199 Ga. 129, 139 (33 SE2d 317) (1945). Appellants were not entitled to the charge requested and the trial judge correctly declined to give it.

Enumeration of error no. 7 addresses the trial

judge's failure to give the following request to charge by appellants: "Undue influence that will invalidate this will is such influence that is obtained by flattery, importunity, superiority of will, mind or character, which would give dominion over the will to such an extent as to destroy free agency or constrain one to do against her will what she is unable to refuse." Appellant contends that this charge was accurate and should have been given.

This request to charge appears to be taken from *DeNieff v. Howell,* 138 Ga. 248 (6) (75 SE 202), and *Ehlers v. Rheinberger,* 204 Ga. 226, 230 (49 SE2d 535). The trial judge instead gave a charge that repeated Ga. Code Ann. § 113-208 on undue influence. The general charge of the court substantially covered the charge requested by appellants. Therefore, it was not error to refuse appellants' additional request. *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (3) (195 SE2d 417).

Enumerations of error 8 and 9 deal with extraneous charges made by the court. The trial judge, after first giving the jury a charge on the credibility of the witnesses, also gave a charge concerning impeachment by contradictory statements. This charge was not requested by either side and was not warranted by the evidence. The second part of the charge which appellants objected to was a charge on Code § 113-102 concerning the form of wills and distinguishing them from deeds. Both counsel acknowledge that this was an incorrect charge, as it was inapplicable to the issues in this case.

An instruction as to law on a material issue, unauthorized by the evidence, is improper. *Fuller v. Stone,* 207 Ga. 355, 357 (61 SE2d 467) (1950). Where instructions are given that are not warranted by the evidence and are calculated to mislead and confuse the jury, the error requires a new trial. While the charges complained of here were not called for by the evidence, they were not confusing and did not mislead the jury on the issues in the case. The error in so charging was harmless and does not require a new trial. Cf. *Crutchfield v. McCallie,* 188 Ga. 833, 839 (5 SE2d 33).

Enumeration of error no. 10 asserts the general grounds of a motion for new trial and attacks the legal sufficiency of the evidence. A review of the transcript

reveals the evidence fully authorizes the jury's verdict. We find no reversible error in this appeal.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1975 — DECIDED SEPTEMBER 11, 1975.

*Palmour, Palmour & Lawson, James E. Palmour, III,* for appellants.

*Mackay & Elliott, James A. Mackay,* for appellee.