## 32473. ESTES v. PERKINS.

HALL, Justice.

The appellant, Robbie M. Estes, appeals from a judgment admitting the alleged will of William Pennick Estes for probate. The appellee, Perkins, filed the will dated June 30, 1971 for probate. The appellant filed a caveat alleging fraud, duress, mistake, undue influence and lack of testamentary capacity. Probate was denied. An appeal was taken to the superior court where the jury returned a verdict for the appellee Perkins.

1. The trial court did not err in allowing the appellee to examine the appellant with regard to property owned by the appellant's first husband at the time of his death.

The relative wealth or financial condition of beneficiaries may generally be proved for the purpose of emphasizing the reasonableness or unnaturalness of the testamentary disposition and determining whether undue influence was exercised over the testator at the time of its execution. *Oxford v. Oxford,* 136 Ga. 589 (71 SE 883) (1911); *Boland v. Aycock,* 191 Ga. 327 (12 SE2d 319) (1940).

2. The appellant contends that the trial court erred in allowing certain insurance policies owned by the testator to be placed in evidence on the ground that their authenticity had not been established. It is clear from the pre-trial order that the parties had stipulated the authenticity of the insurance policies.

3. The appellant contends that the trial court erred in not allowing the testimony of a witness regarding the mental condition of the testator during an incident which occurred in October, 1971.

The time to be looked at in determining the capacity of a testator to make a will, in reference to his mental capacity, is the time when the will was executed. However, testimony relating to a reasonable period of time before and after the execution of the will may be introduced to show the testator's state of mind at the time of execution. *Akin v. Patton,* 235 Ga. 51 (218 SE2d 802) (1975).

The witness testified at trial that the incident in question occurred sometime in October, 1971, but could not give the exact date. The appellant offered no other evidence to show that on June 30, 1971 the testator suffered from a mental infirmity of a continuing nature and that such infirmity was manifested by the conduct of the testator in October, 1971. Under the circumstances, the line of inquiry was too broad and the trial judge did not err in sustaining the objection.

4. Finally, the appellant contends that the jury charge was erroneous because it tended to create in the jurors' minds the impression that the issues of fraud, duress, mistake, and undue influence had been withdrawn from consideration by the jury. A careful review of the transcript indicates that the jury charge was proper.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 8, 1977.

*Harper & Matthews, Robert D. Matthews,* for appellant.

*Joseph S. Skelton, Johnson, Craig & Strauss, William Thomas Craig,* for appellee.