## 57710. BORENSTEIN v. BLUMENFELD.

SMITH, Judge.

We granted this interlocutory appeal to determine whether the superior court erred in affirming the probate court's denial of appellant's motion for protective order. The motion for protective order was made in response to appellee's motion to produce appellant's federal income tax returns. Under the circumstances of this case, we have no hesitation in concluding that a protective order, preventing discovery of appellant's income tax returns, should have been issued. Accordingly, the judgment is reversed.

1. "The relative wealth or financial condition of beneficiaries may generally be proved for the purpose of emphasizing the reasonableness or unnaturalness of the testamentary disposition and determining whether undue influence was exercised over the testator at the time of its execution. . ." *Estes v. Perkins,* 239 Ga. 636 (238 SE2d 423) (1977). While this statement accurately reflects Georgia law, it does not address the means which may be employed to discover the financial status of a beneficiary.

"By the overwhelming weight of authority, income

tax returns are not privileged." *Bailey v. Bruce,* 132 Ga. App. 782, 786 (209 SE2d 135) (1974). However, this does not mean that income tax returns are automatically discoverable upon a de minimis showing of relevancy. Certainly the competing interest in an individual's right to privacy must be accommodated in the discovery process. Otherwise, the discovery process would become a device for the unscrupulous litigant to squeeze concessions from the opposing side in cases where such concessions were totally unwarranted. This sort of abuse simply cannot be tolerated in an ordered system of justice. The issuance of a protective order is a recognition of the fact that in some circumstances the interest in gathering information must yield to the interest in protecting "a party or person from annoyance, embarrassment, oppression, or undue burden..." CPA § 26 (c) (Code Ann. § 81A-126 (c)).

Assuming, arguendo, that appellant's financial position is logically relevant to the issues to be decided in this case, appellees have made no showing whatsoever that appellant's income tax returns are necessary to determine appellant's financial position. "Unless clearly required in the interests of justice, litigants ought not to be required to submit [income tax] returns as the price for bringing or defending a lawsuit." Wiesenberger v. W. E. Hutton & Co., 35 FRD 556, 557 (S.D. N.Y. 1964). The interests of justice do not require production of tax returns in the face of a motion for protective order where other discovery methods are available to obtain the same information.

2. Appellees contend that appellant's income tax returns are necessary in this case under the best evidence rule. However, the best evidence rule has no application where the contents of a writing are not at issue. *Smith v. State,* 236 Ga. 5, 8 (222 SE2d 357) (1976). Moreover, even if the best evidence rule were applicable and income tax returns were the "best evidence" of personal wealth, secondary evidence is admissible under the best evidence rule where production of the writing is excused due to its unavailability. Code Ann. § 38-203; *Boswell v. State,* 135 Ga. App. 104. (217 SE2d 410) (1975).

*Judgment reversed. Quillian, P. J., concurs.*

*Birdsong, J., concurs specially.*

ARGUED APRIL 5, 1979 — DECIDED SEPTEMBER 20, 1979.

*Robert N. Meals, Paul W. Bonapfel,* for appellant.
*Barry L. Katz,* for appellee.

BIRDSONG, Judge, concurring specially.

Whenever relevant the financial condition of a party in the caveat of a will is admissible as illustrative of the reasonableness or unreasonableness of the testamentary capacity or scheme as bearing on the issue of undue influence alleged to have been exercised. This will enable the jury to better know the facts and circumstances surrounding the testator at the time he executed the will and to better determine the state of his mind, whether he had made a rational disposition of his property and whether or not undue influence was exercised over him at the time of its execution. *Estes v. Perkins,* 239 Ga. 636 (238 SE2d 423); *Oxford v. Oxford,* 136 Ga. 589 (1) (71 SE 883); however, the critical question involved in this case is whether or not the appellant is entitled to a protective order against the production of a joint tax return of the appellant and her husband.

I agree with my brother that the interests of justice do not require the production of the tax returns in question.

A tax return does not within itself show the general wealth and financial condition of the person filing the return. A tax return shows income for the year in which the return is filed. The return does not disclose, as a financial statement does, the net worth of the party filing the return. Net worth, income, real estate holdings, stocks and bonds, and other such income producing holdings can be adequately obtained through interrogatories and depositions. Furthermore, the income of the appellant's husband should not be injected into the trial of the case.

To require the joint tax return of the appellant and husband to be produced would in my mind be annoyance, embarrassment, oppressive and an undue burden as contemplated in Code Ann. § 81A-126 (c). The trial judge

abused his discretion in not granting the protective order.