## 75245. WIMBERLY v. KARP et al.
(365 SE2d 131)

SOGNIER, Judge.

Stanton Wimberly brought suit against Arthur Karp, Southern Copy Machines, Inc. (Southern) and its president, William Curran, seeking to recover damages resulting from an altercation with Karp, as well as from Wimberly's subsequent termination from employment at Southern and from an alleged scheme among all three defendants to prevent his later employment elsewhere. The trial court granted summary judgment in favor of Southern and Curran, and granted Karp's motion to strike Wimberly's demand for jury trial. Wimberly appeals.

The record reveals that Southern and Curran filed their motion for summary judgment on January 12, 1987. On February 11, 1987, appellant filed a pleading denominated "Plaintiff's Motion," which moved the court to dismiss the motion for summary judgment or, alternatively, grant appellant an additional 23 days to respond. No action was taken by the trial court on appellant's "Plaintiff's Motion," and on March 4th, appellant filed both another request for additional

time and a response to the motion for summary judgment. Southern and Curran's motion for summary judgment was granted by order entered March 6, 1987, at which time both requests for extensions of time were denied.

1. We find no abuse of the trial court's discretion in denying appellant's motion for an extension of time, although appellant asserted his February 11 motion was based on a leave of absence granted to his counsel. The record fails to reflect any such order granting a leave of absence, and appellant admits in his brief on appeal to this court that although his counsel was granted such leave for other pending cases, no such leave was sought or granted as to the instant case. Thus, in the absence of any justification for requesting an extension of 23 days in the February 11 motion, we cannot say the trial court abused its discretion by denying that request, or the later, untimely request for yet another 40 days. OCGA § 9-11-6 (b). See generally *Cox v. Cantrell*, 181 Ga. App. 722, 723 (1) (353 SE2d 582) (1987); *Barone v. McRae & Holloway*, 179 Ga. App. 812, 813-814 (1) (348 SE2d 320) (1986).

We likewise find no error in the trial court's grant of summary judgment to Southern and Curran. Appellant's February 11 motion contained no response to Southern and Curran's motion. The response filed on March 4 was in violation of Rule 6.2 of the Uniform Rules for the Superior Courts, 253 Ga. 801, 816-817, because it was not filed within 30 days after service of the motion for summary judgment, and the motion for additional time filed with the response, in addition to violating Rule 6.2, contained no indication that the failure to file a response was the result of excusable neglect. OCGA § 9-11-6 (b) (2). By failing to respond timely to the motion for summary judgment, appellant "gave up his opportunity to be heard," *Spikes v. Citizens State Bank*, 179 Ga. App. 479, 481 (1) (347 SE2d 310) (1986), and thus the trial court correctly found no questions of fact existed to refute the evidence submitted by Southern and Curran in support of their motion for summary judgment. "Since appellant failed to comply in any way with the Rules under which he was supposed to operate, he cannot be heard to complain that the wheels of justice have rolled over him." Id.

2. We find no merit in appellant's final enumeration of error, contending the trial court erred by granting Karp's motion to strike appellant's demand for jury trial. The record reflects that this case had been assigned to civil arbitration pursuant to local court rules requiring that should exception be taken to the arbitrator's award, a demand for jury trial must be filed with the court administrator within thirty days of the filing of the award. Appellant argues the trial court incorrectly interpreted the local rules in its order determining appellant failed to follow the procedure set forth therein.

"[H]owever, these rules are not in the record and this court cannot take judicial notice of their contents." *Allstate Ins. Co. v. Reynolds*, 138 Ga. App. 582, 587 (6) (227 SE2d 77) (1976). See also *Harris v. Harris*, 228 Ga. 562, 563 (1) (187 SE2d 139) (1972). "It is well established that the burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. [Cits.]" *Acker v. Jenkins*, 178 Ga. App. 393, 394 (1) (343 SE2d 160) (1986). The trial court did not err by granting Karp's motion to strike appellant's jury demand.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 5, 1988 —
REHEARING DENIED JANUARY 19, 1988 — 

*J. Eugene Wilson*, for appellant.
*Otto Feil III, Barry L. Zimmerman*, for appellees.