A94A0965, A94A0966. KNOX ENTERPRISES v. TIMBERMEN, INC. et al.; and vice versa.
(450 SE2d 834)

ANDREWS, Judge.

Knox Enterprises appeals from the trial court's grant of partial summary judgment to Timbermen, Inc. denying Knox Enterprises the right to recover "present value of future growth of timber." Timbermen, Inc. cross-appeals from the trial court's denial of its motion to compel production of the federal gift tax returns of Knox, Sr., the transferor of the real property to the partnership.

In 1983, 1984, and 1985, Knox, Sr., transferred to his four children by deeds of gift various parcels of real estate totaling over 500 acres. The children formed Knox Enterprises for the purpose of owning and managing the property.

On March 26, 1991, approximately 176 acres of this tract suffered wildfire damage. Knox contends that four separate fires were caused by sparks created by a tractor-trailer rig driven by a Timbermen employee down a road adjacent to Knox property. The tractor-trailer, used for hauling heavy equipment, was driven with the steel loading ramps in the down position, grating on the asphalt and causing sparks.

The complaint alleged that the fires "caused damage to certain real property . . . and damage to and/or the destruction of numerous trees growing on the Property."

As a result of the fires, the trees from 154 acres were totally harvested and sold. The trees on the remaining 22 acres had to be thinned and the culled trees sold. There is no evidence in the record that any marketable timber was completely destroyed. Knox claims $22,709 in damages for the diminution of the market value of the cut

timber. This item is not in dispute in this appeal.

Additionally, Knox claims at least $130,000 for the "present value of the future growth of the trees [harvested and sold]." Alfriend, a forestry consultant who had managed the property for Knox, deposed that the average age of the timber when it burned was 31 years and that this type of pine timber did not reach maturity until 41 years. There was evidence that trees add their greatest growth in their last ten years.

## Case No. A94A0965

1. All five of Knox's enumerations attack the trial court's grant of partial summary judgment and its reliance on *Southern R. Co. v. Crowe*, 186 Ga. App. 244, 245 (1) (366 SE2d 846) (1988) as authority for it. They will be addressed together.

In *Crowe*, a fire caused by sparks from railroad equipment burned 83 acres of property containing timber of various sizes and 20,000 two-year-old seedlings two inches in diameter planted throughout the tract. A jury awarded Crowe $18,000 for the loss of her timber and $7,500 for the cost of reforestation of the 20,000 seedlings as incidental damage to the property. Southern appealed, contending that this was a double recovery.

The court charged the jury that damage sustained by Crowe was "the difference in the value of the land immediately before the fire and the value of the land immediately after the fire, that is, how much less was the land worth after the fire than before, having reference to the injury done by the fire. . . . The true measure of damages in a case of this kind is the diminution in the market value of the realty unless the value of the trees at the time and place of their being felled or burned, plus the incidental damages to the realty, exceeds the diminution in market value of the land. In which event the plaintiff in this case is entitled to recover the higher measure of damages." The court further instructed the jury that Crowe could not recover her costs of reforesting the entire tract, i.e., the marketable trees which were cut and sold as timber, because "[t]o permit such a recovery would be a double recovery for the landowner, as the costs of replanting after timber has been removed is a part of normal business costs which are borne by the landowner." *Crowe*, supra at 246 (1), citing *Henderson v. Easters*, 178 Ga. App. 867, 869 (1) (345 SE2d 42) (1986).

In the present case, the trial court rejected Knox's attempt to extend the *Crowe* rationale to allow recovery, as an item of incidental damage to realty, of the anticipated value of future growth of the trees which had been harvested and marketed by Knox. We concur.

*The Central R. &c. Co. v. Murray*, 93 Ga. 256, hn. 1 (20 SE 129)

(1893) established the rule that where "growing timber, much of it young and immature, is destroyed by fire as a consequence of a negligent tort, and there is no depreciation in the market value of the land by reason of the destruction of the timber, the measure of damages is the *value of the timber destroyed in its then state as attached to the land on which it grew*, which value is to be ascertained by evidence as to what the owner of the premises could, under all the circumstances, have realized from the timber destroyed, by appropriating it to use himself, to the extent of any demand for it made by his own wants *at and about the time of the fire,* and by selling it to others to the extent of any demand for it which *then* existed; the value to be reckoned at the *worth of the timber as it stood upon the land when it was destroyed,* not computing anything additional thereto for the increase which would have resulted from severing it from the realty, removing it to the place of use or sale, and putting it in condition to be used or sold. [Standing marketable timber such as this is called 'stumpage.']

2. Timber injured by the fire but not destroyed, is to be dealt with on the same basis, to the extent of the difference between *its value as it was before the fire and as the fire left it.*" Id. (Emphasis supplied.) See *L. & N. R. Co. v. Kohlruss,* 124 Ga. 250 (52 SE 166) (1905) (fences and ornamental trees burned, recovery allowed for diminution in value of the park, as a park, caused by a fire).[1]

In *Western &c. R. Co. v. Tate,* 129 Ga. 526 (59 SE 266) (1907), the Supreme Court concluded that the principles set out in *Murray* and *Kohlruss* were not contradictory because "[e]ach was applicable to a peculiar phase of the evidence. If the jury should have found, from the testimony submitted, that the burning of the timber on the land diminished the market value of the land, then the measure of damages was the diminution of the value of the land resulting from the injury caused by the fire. *L. & N. R. Co. v. Kohlruss,* [supra]. On the other hand, if the jury should find that the growing timber was destroyed by the fire . . . , and there was no depreciation in the market value of the land by reason of the destruction of the timber, the measure of damages in such a case is the value of the timber destroyed in its then state as attached to the land on which it grew. *Central R. Co. v. Murray,* [supra]. The evidence was conflicting as to the effect of the fire on the market value of the land; and in such a case it is proper for the court to give in charge the measure of damages appropriate to either of these phases of the evidence." See also,

---

[1] See also *Smith v. Gonder,* 22 Ga. 353 (1857); *Parker v. Waycross &c. R. Co.,* 81 Ga. 387 (8 SE 871) (1889); and *Milltown Lumber Co. v. Carter,* 5 Ga. App. 344, 349 (2) (63 SE 270) (1908) for the genesis of OCGA § 51-12-50 dealing with damages for "timber cut and carried away" by a tortfeasor.

e.g., *Milltown Lumber*, supra at 349 (2); *Wrightsville &c. R. Co. v. Barrett*, 39 Ga. App. 612 (147 SE 916) (1929); *Southern R. Co. v. Taylor*, 76 Ga. App. 745, 758 (2) (47 SE2d 77) (1948).

Likewise, in *Crowe*, supra, there were two types of injury, incidental injury to the land suffered because of loss of the two-year-old seedlings which had no value as marketable timber, and damage to marketable timber. See also *Davis v. Davidson*, 175 Ga. App. 451 (333 SE2d 648) (1985).

Likewise, we must reject Knox's contention that a "lost profits" analysis under *DeVane v. Smith*, 154 Ga. App. 442, 443 (1) (268 SE2d 711) (1980), is applicable to the anticipated future growth of harvested timber. *DeVane* involved the spraying of a cotton field with an improper insecticide which destroyed a single cotton crop. Such a crop is statutorily defined as "personalty," OCGA § 44-14-101, because it is the fruit or product of a plant or tree, not the plant or tree itself, and the lost profit from that crop was recoverable. Id.; see also *Crosby v. Spencer*, 207 Ga. App. 487 (428 SE2d 607) (1993) (upon destruction of a peach orchard by improper spraying, grower allowed to recover profits for years the trees would have born fruit); *Moultrie Farm Center v. Sparkman*, 171 Ga. App. 736, 738 (3) (320 SE2d 863) (1984) (decline in production of dairy herd, also personalty, OCGA § 44-1-8, caused by poisoned feed allows recovery of lost production of living animals, not for ones which died).

Therefore, the partial grant of summary judgment as to the future growth of harvested trees was not error, since there is no legal basis for such a recovery.

### Case No. A94A0966

3. In its cross-appeal, Timbermen alleges that the trial court's refusal to grant its motion to compel production of federal gift tax returns from Knox, Sr., a non-party, was error.

The request sought production of returns for 1983, 1984, and 1985 (dates of gifts) for two tracts of land, one 96.7 acres and one 485 acres, as well as any appraisals of the property. After a hearing, the court conducted an in camera review of the requested documents and found "no information derived from the documents inspected is relevant to the issues in this case."

In *Borenstein v. Blumenfeld*, 151 Ga. App. 420 (1) (260 SE2d 377) (1979), this court held that, while tax returns are not privileged, "this does not mean that income tax returns are automatically discoverable upon a de minimis showing of relevancy. Certainly the competing interest in an individual's right to privacy must be accommodated in the discovery process."

Here, Timbermen contends that the valuation of the entire tract

in gift tax returns made six years and longer prior to the 1991 fire on a portion of the tract is relevant to valuation of the affected portion or likely to lead to such evidence. In *State Hwy. Dept. v. Raines*, 129 Ga. App. 123, 126 (2) (199 SE2d 96) (1973), this court found inadmissible evidence of a five-year-old sale to prove current value of condemned property because, among other factors, the sales were too remote in time.

" 'Trial courts have broad discretionary powers under the discovery provisions of the Civil Practice Act and appellate courts have consistently refused to interfere with the exercise of a trial court's discretion except in cases of clear abuse. (Cit.)' *Opatut v. Guest Pond Club*, 188 Ga. App. 478, 482 (9) (373 SE2d 372) (1988). There is no abuse evident here." *Travel Agency Group v. Henderson Mill Travel*, 193 Ga. App. 882, 888 (3) (389 SE2d 511) (1989).

*Judgments affirmed in Case Nos. A94A0965 and A94A0966. Beasley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 14, 1994 —
RECONSIDERATION DENIED DECEMBER 1, 1994 —

*Macon & Knox, Barclay T. Macon, Jr.,* for appellant.
*Fulcher, Hagler, Reed, Hanks & Harper, Robert C. Hagler, David P. Dekle,* for appellees.