## A94A1683. FAIRFIELD PLANTATION ACTION COMMITTEE, INC. v. PLANTATION EQUITY GROUP, INC. et al.
### (452 SE2d 147)

Pope, Chief Judge.

Fairfield Plantation is a large residential community with lakes, a marina, a recreation center, a club house, a golf course, tennis courts and swimming pools. Defendant Plantation Equity Group, Inc. ("PEGI") is a corporation formed to purchase and operate the community's amenities when the developer fell into financial difficulties, and defendant Fairfield Plantation Property Owners Association, Inc. ("POA") is an association which collects mandatory monthly dues from all property owners, maintains the roads, fire department and security for the community and generally protects the interests of the community as a whole. Plaintiff Fairfield Plantation Action Committee, Inc. ("PAC") is a sub-group of property owners unhappy with the transfer of the amenities to PEGI and the fact that POA has amended various covenants to allow PEGI to make mandatory assessments on some property owners for the upkeep of the amenities, even if those property owners do not use the amenities. PAC, which was an unincorporated association when this lawsuit began, seeks to represent a class of all property owners at Fairfield Plantation, and asks the lower court (1) to nullify the transfer of the amenities to PEGI; (2) to nullify the amendments to the covenants allowing PEGI to collect mandatory assessments from some property owners; and (3) to allow property owners who have paid such mandatory assessments to PEGI to recover those payments. Although a hearing was held on the question of class certification, the trial court did not rule on this issue. Instead, it dismissed PAC's action on the ground that an unincorporated association could not bring a legal action.

1. Plaintiff first argues that the trial court improperly dismissed its complaint without giving it an opportunity to be heard on the capacity-to-sue issue. Defendant POA first moved to dismiss on this ground in February 1993; it renewed its motion to dismiss on this ground on November 4, 1993; and the trial court issued its order dismissing the action on December 17, 1993. Plaintiff had plenty of opportunity to respond, but failed to do so. See Superior Court Rules 6.2, 6.3. "Under the Rules, service of a motion on an opposing party serves as notice to that party that the court will take the matter under advisement after 30 days (the time during which the opposing party may file a response to the motion) after service of the motion has passed." *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (2) (352 SE2d 604) (1986). As more than 30 days had passed after service of the motions challenging plaintiff's capacity to sue, the trial court did not err in considering and ruling on the motion.

2. However, we agree with plaintiff that the trial court erred in concluding that plaintiff did not have capacity to bring suit when it initially filed its complaint as an unincorporated association. "An action may be maintained by and in the name of any unincorporated organization or association." OCGA § 9-2-24. The trial court relied on two cases in holding otherwise: *O'Jay Spread Co. v. Hicks*, 185 Ga. 507 (195 SE 564) (1937) and *Embassy Row Assoc. v. Rawlins*, 162 Ga. App. 669 (292 SE2d 541) (1982). The former case predated the statute, which was enacted in 1959, and the latter erroneously relied on the former without noting the intervening enactment. Because *Embassy Row* is contrary to the statute, it must be overruled.

3. Although the parties briefed the questions of class certification and whether plaintiff is a real party in interest, the trial court did not decide these questions, and we decline to address them for the first time here. We note, however, that a ruling for defendants on either or both of these issues would not warrant dismissal of plaintiff's complaint. See *Equitable Life Assurance Society v. Tinsley Mill Village*, 249 Ga. 769, 772 (2) (294 SE2d 495) (1982) (after finding plaintiff is not a real party in interest, trial court must allow reasonable time for joinder or substitution of real party in interest before dismissing action).

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Beasley, P. J., Andrews, Johnson, Blackburn, Smith and Ruffin, JJ., concur.*

DECIDED NOVEMBER 29, 1994 —
RECONSIDERATIONS DENIED DECEMBER 14, 1994 AND DECEMBER 19, 1994.

*Kunz & Associates, Robert A. Kunz, Lynda L. Moser*, for appellant.

*Sutton & McCreary, Timothy A. McCreary, Price & Pyles, Sam Price, Kurt M. Thomas*, for appellees.