A96A0636. WASHINGTON et al. v. SOUTH GEORGIA MEDICAL CENTER et al.
(472 SE2d 328)

BLACKBURN, Judge.

Kenneth Washington, Sr., individually, and his wife Cynthia Washington, individually and as next friend of her son Kenneth Washington, Jr., appeal the trial court's dismissal of their action for failure to comply with discovery.

The Washingtons brought this medical malpractice action against Dr. Roy Swindle and South Georgia Medical Center d/b/a South Georgia Medical Center Foundation, Inc. (hospital) asserting that, as a result of the defendants' negligence, Mrs. Washington and her son were injured during the child's delivery.

Swindle and the hospital separately moved to sanction the plaintiffs when Mr. and Mrs. Washington failed to appear for their depositions which had been noticed by Swindle. Swindle's motion was filed on September 1, 1995, and the hospital's motion was filed on September 5, 1995. A hearing on these two motions was scheduled and noticed. When the hearing took place on September 20, 1995, the Washingtons were not in attendance. On October 5, 1995, 34 days after Swindle's motion was filed and 30 days after the hospital's motion was filed, the trial court took the matter under advisement, signing an order dismissing the Washingtons' action based upon their wilful failure to attend their depositions. The day of the order's entry, the Washingtons filed a written response to the motions wherein the Washingtons' attorney asserted that their failure to

appear at their depositions was not wilful but was the result of a calendaring mistake that occurred in her office. This written response was not timely as to Swindle's motion. The response was timely, however, as to the hospital's motion, coming on the last possible day for a response to be filed. The Washingtons appeal the dismissal of their claims against both Swindle and the hospital.

1. In their first and second enumerations of error, the Washingtons assert that the trial court abused its discretion in dismissing their complaint and in determining that they wilfully failed to appear at their depositions.

" 'There is no requirement that the plaintiff display and the trial court find actual wilfulness. The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful.' " *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (424 SE2d 807) (1992). With regard to Swindle's motion, at the time the trial court entered its order, the only evidence in the record reflected: that the Washingtons failed to respond to numerous letters from Swindle concerning when their depositions should be scheduled; that they failed to appear at the deposition despite receiving notice from Swindle; that they failed to file a timely response to Swindle's motion for sanctions; and they failed to attend the trial court's hearing on Swindle's motion. From this evidence, the trial court could determine that the Washingtons' failure to comply with their discovery obligation to Swindle was intentional. *Stolle*, supra; see also *Oliff v. Smith*, 214 Ga. App. 358, 359 (447 SE2d 707) (1994) (A trial court's finding that a party has wilfully failed to comply with its discovery obligations will not be reversed if there is any evidence to support it).

Having determined that the Washingtons' failure to appear at the depositions was wilful, the trial court was authorized to dismiss the Washingtons' claims against Swindle pursuant to OCGA § 9-11-37 (d). *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981). It has repeatedly been held that the appellate courts will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. *Knox Enterprises v. Timbermen, Inc.*, 215 Ga. App. 390, 394 (450 SE2d 834) (1994). As the record reveals no abuse of discretion on the part of the trial court, we affirm its order dismissing the Washingtons' claims against Swindle.

Moreover, we note that the trial court was under no obligation to consider the Washingtons' untimely response to Swindle's motion. See *Wimberly v. Karp*, 185 Ga. App. 571, 572 (365 SE2d 131) (1988) (" 'Since appellant failed to comply in any way with the Rules under which he was supposed to operate, he cannot be heard to complain

that the wheels of justice have rolled over him' ").

2. The Washingtons contend that the trial court erred in taking the defendants' motions for sanctions under advisement prior to the expiration of the response period. As outlined above, with regard to Swindle's motion, this enumeration is without merit as the trial court took the matter under advisement after the response period ended. With regard to the hospital's motion, however, the trial court did take the matter under advisement prematurely. See *Fairfield Plantation Action Comm. v. Plantation Equity Group*, 215 Ga. App. 746 (1) (452 SE2d 147) (1994) (The trial court may take motions under advisement after the response period has ended). As the trial court based its decision, in large measure, on the failure of the Washingtons to offer any response to the hospital's motion, this error was harmful. Accordingly, we reverse and remand so that the trial court may consider the response proffered by the Washingtons and determine what sanctions, if any, are merited.

The special concurrence suggests that upon remand, the hospital's motion for sanctions should fail because "[t]he hospital cannot obtain sanctions for the plaintiffs' failure to attend depositions that it did not ask for" citing *Singleton v. Eastern Carriers*, 192 Ga. App. 227, 228 (2) (384 SE2d 202) (1989). *Singleton* is distinguishable from the present action as it concerned a plaintiff's failure to respond to written discovery propounded by the movant's co-defendant rather than failure to attend a deposition noticed by the movant's co-defendant. In that case, the movant suffered no expense of preparation or attendance as a result of the plaintiff's failure to answer the co-defendant's interrogatories or document requests.

Parties approach depositions in a manner far different than they approach written discovery. Often when one party notices a deposition of an opponent, his co-party will attend. If the deponent does not appear, the co-party suffers expense even though he did not notice the deposition. All parties similarly situated, who have been damaged by a party's failure to attend a properly noticed deposition, should be entitled to rely on the failing party to follow the law and attend his deposition regardless of which party originally noticed the deposition. Employing Chief Judge Beasley's analysis, such reliance would be discouraged. Not only would the result be unfair, it would cause a tremendous waste of litigation resources — particularly in complex, multi-party litigation — where all litigants would be forced to file duplicative deposition notices for no purpose other than to protect their right to sanctions in the event of the deponent's nonappearance.

Accordingly, upon remand, in considering the hospital's motion, the trial court is authorized to exercise its discretion in imposing reasonable sanctions in this case.

*Judgment affirmed in part and reversed in part and case remanded with direction. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur fully in Division 1, but with respect to Division 2 concerning the hospital, the trial court should also take into account, on remand, that the hospital did not notice plaintiffs for deposition and that the notice served by the doctor's attorney does not indicate the deposition is requested by both defendants. Nor did the doctor's attorney purport to act for the other defendant in noticing the depositions. A prospective deponent is entitled to know who requests his testimony, that is, which party or parties will be the interrogator, so the deponent can adequately prepare. It is a simple thing to give notice.

The hospital cannot obtain sanctions for the plaintiffs' failure to attend depositions it did not ask for. As stated and applied in *Johnson v. Martin*, 137 Ga. App. 312, 314 (223 SE2d 465) (1976), "there is no authority for a co-defendant to become the beneficiary of a dismissal under CPA § 37 (d) merely because of a failure of the plaintiff to comply with the other co-defendant's discovery actions." Although that case involved plaintiff's failure to serve answers or objections to interrogatories and a response to a request for inspection of documents, rather than failure to attend a deposition, the rule applies equally because OCGA § 9-11-37 (d) covers "Failure of party to attend at own deposition or serve answers to interrogatories or respond to request for inspection." The rule was again applied in *Singleton v. Eastern Carriers*, 192 Ga. App. 227, 228 (2) (384 SE2d 202) (1989), where the requested discovery was comprised of interrogatories and the production of documents. The remedy is provided for the party who has been wronged.

On remand, resolution of the issue should be guided by the Supreme Court's statement in *Shrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991): "We have cautioned against the use of these harsher sanctions [dismissal and default] except in extreme cases, [cit.], and have held that the trial court must find wilfulness as a predicate to imposing the sanctions." See also *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988).

DECIDED JUNE 4, 1996.

*Ruby L. Knight, Elizabeth Pelypenko*, for appellants.

*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, Wade H. Coleman, Edward F. Preston, Young, Thagard, Hoffman, Scott &*

*Smith, F. Thomas Young,* for appellees.