## A98A2074. PEAVY v. GOODROE.
### (514 SE2d 699)

ANDREWS, Judge.

Marvin Peavy appeals from denial of his motion to set aside the judgment or grant a new trial in his boundary dispute with Roy Goodroe. Goodroe's claim regarding the location of the boundary line was accepted by the jury. Additionally, he was awarded $25,000 for damages to his realty, based on Peavy's bulldozing the disputed strip of property and destroying topsoil and pine seedlings intended for later harvest.

The dispute involved the location of the eastern boundary of a portion of Goodroe's property, approximately 34 acres which he purchased in 1991 from Faye Markert, and the western boundary of Peavy's property, purchased in 1991 from Betty Staley whose predecessor in title was Julia Markert, Faye Markert's sister-in-law. The total area in dispute is approximately a half-acre running in an eight- to ten-foot strip down the disputed line. Both the deed to Goodroe and the one to Peavy referenced a 1959 plat prepared by J. R. Curtis for a predecessor in title of Peavy. Neither deed specifically stated that the land lot line[1] was also a property line, although the Curtis plat did contain land lot numbers of the four land lots involved at the northwest corner of Peavy's lot.

Goodroe's surveyor, Priest, concluded that the Curtis plat placed the disputed north/south line beginning at an iron pin in the Curtis

---

[1] Land lots were cut from districts of nine or ten square miles in the early 1800s. Each district was divided into square lots of 202.5 acres or 45 chains square.

plat's northwest corner of that plat, which is the northeast corner of Goodroe's property. Priest also located an iron pipe in the northeast corner of the Curtis plat, which corresponds to the northeast corner of Peavy's property. When he electronically sighted the north line of the Curtis plat from these two pins, he was less than three inches off the distance computed by Curtis in 1959.

Raines, Peavy's surveyor, located the two pins which Priest had found, but disagreed that they represented the land lot line between Land Lots 106 and 119 or the Peavy/Goodroe property line. Peavy and Raines contended that the land lot line was the property line between the two lots and was located eight feet west of Priest's line.

1. The first enumeration of error is that the trial court erred in not granting the motion for j.n.o.v. because there was no evidence that Goodroe's entire property was in Land Lot 106. That argument, however, is not contained in the transcript or record here.

> Absent a showing that [Peavy] presented this argument to the trial court, we cannot reach it. This Court reviews enumerations to correct errors committed by trial courts. It lacks jurisdiction to consider arguments presented for the first time on appeal. *Jackson v. Ga. Lottery Corp.*, 228 Ga. App. 239, 245 (2) (491 SE2d 408) (1997); *McDaniel v. State*, 221 Ga. App. 43, 47 (1) (470 SE2d 719) (1996); see *Nowell v. Fain*, 174 Ga. App. 592, 593 (330 SE2d 741) (1985).

*Mazdak Auto Towing &c. v. Midcontinental Group*, 231 Ga. App. 859, 860 (1) (501 SE2d 44) (1998).

The evidence presented adequately supports the location of the line as argued by Goodroe. *KDS Properties v. Sims*, 234 Ga. App. 395, 397 (2) (506 SE2d 903) (1998).

2. The second enumeration is that the court erred in denying the motion for j.n.o.v. or new trial on the issue of damages. At the close of the evidence, Peavy moved for directed verdict on the basis that Goodroe had shown no diminution in the value of the real estate. Additionally, Peavy moved to strike the testimony of McQuaig, Goodroe's expert on timber, regarding the loss of future growth of the trees. The trial court granted the motion for directed verdict concerning future growth of the trees and agreed that the verdict form would allow assessment of damages only for "incidental damages to the land."

The court charged that the jury was not to consider "the lessening or diminution in value of the land or value of trees because that evidence was not before you." Instead, the jury was to consider incidental damages claimed by Goodroe because of the damage to trees of tender years and damage to the actual land. Further, the court

charged that the cost of replanting the trees could be used in valuing the trees of tender years.

McQuaig, a registered forester and timber grower, testified that he had walked the land and estimated the damage to it. First, a lot of topsoil had been removed from the area, and, because of the steep grade of the property, quite a bit of the topsoil had been lost. McQuaig estimated the cost for a bulldozer to replace topsoil would be at least $1,000. He valued the pulpwood at $640 per year per acre for the years since the bulldozing and stated that, with all the erosion, "the probable future loss in value would be, in my opinion, $3,000." The cost of seedlings to replace the trees would be $100 per acre. McQuaig then added these figures for a total of $4,740.

Goodroe testified that he had replanted the area north of the creek going through his property in January 1992 and the remaining area to the south in 1991, using improved loblolly pines. They were then bulldozed in 1996. Goodroe counted 520 trees that had been bulldozed. He stated regarding the cost to replace the same number of trees of the same sizes, "[t]he first figure I got was $82,855."

The jury returned a verdict for Goodroe of $25,000. The motion for j.n.o.v. or new trial argued that there was no evidence upon which to award $25,000.

The evidence given by Goodroe was hearsay. "[H]earsay evidence has no probative value even if it is admitted without objection." *Germany v. State*, 235 Ga. 836, 840 (2) (221 SE2d 817) (1976); *City of Lawrenceville v. Macko*, 211 Ga. App. 312, 316 (2) (439 SE2d 95) (1993); *Shaver v. State*, 199 Ga. App. 428, 429 (1) (405 SE2d 281) (1991).

The replacement cost of the seedlings is a viable element of incidental damages when the seedlings have no value as marketable timber. *Knox Enterprises v. Timbermen, Inc.*, 215 Ga. App. 390, 392 (2) (450 SE2d 834) (1994); *Southern R. Co. v. Crowe*, 186 Ga. App. 244, 246 (1) (366 SE2d 846) (1988). At the time the trees here were bulldozed, they were seedlings with no marketable value.

However, as reflected above, there is no evidence in the record to support the jury's award of $25,000 in damages, and the trial court erred in denying Peavy's motion for new trial on this ground. OCGA § 51-12-12 (b); *Spence v. Hilliard, P.C.*, 260 Ga. 107 (1) (389 SE2d 753) (1990).

*Judgment affirmed in part and reversed in part. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 16, 1999.

*Groover & Childs, Denmark Groover, Jr., Walter E. Baker*, for

appellant.
*Herbert L. Wells*, for appellee.