## S08A1096. DORSEY v. KENNEDY.

(668 SE2d 649)

SEARS, Chief Justice.

This appeal arises out of a will contest. Harold L. Kennedy, Sr., died on August 21, 2006, after a long battle with dementia. Dorothy B. Dorsey submitted a July 29, 1999 document purporting to be Kennedy's last will and testament for probate by the Gwinnett County Probate Court, and Kennedy's son and stepson filed caveats. Following a three-day jury trial, the jury returned a verdict finding that the document offered by Dorsey was the product of undue influence and that Kennedy lacked the mental capacity necessary to execute a will on July 29, 1999. The probate court entered judgment on the jury's verdict, and Dorsey appealed. For the reasons that follow, we affirm.

1. Dorsey argues the judgment must be reversed because of the probate court's erroneous evidentiary rulings. We review a probate court's evidentiary holdings under the familiar abuse of discretion standard of review.[1]

The probate court did not abuse its discretion in admitting evidence of undue influence and testamentary capacity outside the four-month window immediately preceding and following Kennedy's execution of the 1999 will. Contrary to Dorsey's suggestion, our decisions in *Pope v. McWilliams*, *Wilson v. Lane*, and *Curry v. Sutherland* did not establish a per se or even presumptive four-month rule of relevance for the admissibility of evidence of undue influence and lack of testamentary capacity.[2] To the contrary, this Court has long adhered to the rule that "[r]elevant evidence about the testatrix' [or testator's] state of mind at the time of the execution of the will includes testimony relating to a reasonable period of time before and after the execution of the will."[3]

The story of Dorsey's two years of exploitation of Kennedy leading up to the execution of the 1999 will was indisputably relevant to the central issues in the case. Accordingly, the probate court did not abuse its discretion in deciding to allow the jury to hear the full story instead of isolated snippets of undue influence and mental

---

[1] *Morrison v. Morrison*, 282 Ga. 866, 867 (655 SE2d 571) (2008); *Rogers v. State*, 282 Ga. 659, 665 (653 SE2d 31) (2007).

[2] *Pope v. McWilliams*, 280 Ga. 741 (632 SE2d 640) (2006); *Wilson v. Lane*, 279 Ga. 492 (614 SE2d 88) (2005); *Curry v. Sutherland*, 279 Ga. 489 (614 SE2d 756) (2005).

[3] *Akin v. Patton*, 235 Ga. 51, 53 (218 SE2d 802) (1975). See also *Estes v. Perkins*, 239 Ga. 636, 636 (238 SE2d 423) (1977) ("The time to be looked at in determining the capacity of a testator [or testatrix] to make a will, in reference to his [or her] mental capacity, is the time when the will was executed. However, testimony relating to a reasonable period of time before and after the execution of the will may be introduced to show the testator's [or testatrix's] state of mind at the time of execution.").

impairment. In addition, the probate court acted well within its discretion in excluding an affidavit from the client files of an attorney who prepared estate documents for Kennedy reflecting the affiant's thoughts and opinions about a meeting he had with Kennedy and the attorney.

2. Dorsey contends the probate court erred in denying her original and renewed motions for judgment as a matter of law because there was no evidence before the jury of undue influence or lack of testamentary capacity. This argument is meritless. The record on appeal overwhelmingly supports both findings. Accordingly, the probate court did not err in denying Dorsey's motions for judgment as a matter of law.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008 —
RECONSIDERATION DENIED OCTOBER 27, 2008.

*Bryant & Oakes, Craig S. Oakes*, for appellant.
*Robert W. Hughes, Jr.*, for appellee.