## 22374.    SWEAT et al. v. HUGHES et al.

ARGUED FEBRUARY 10, 1964—DECIDED FEBRUARY 18, 1964.

*Carroll Russell,* for plaintiffs in error.

*Memory, Barnes & Memory,* contra.

704

CANDLER, Justice. Annie Sweat executed a will on March 28, 1962 and died on April 9, 1963. She gave all of her estate consisting principally of 260.4 acres of land to Pearl S. Hughes and Nevada S. Lee, her only two sisters. She named them executrices of her estate. They offered her will for probate in solemn form and Simon P. Sweat, her brother, and Dural Sweat, a nephew, objected to probate of it on the ground of undue influence. By consent the proceeding was appealed to the Superior Court of Pierce County. The caveat in substance alleges: Angie L. Sweat, the mother of testatrix, conveyed the realty passing under the will to testatrix in 1945 by a deed which contains no conditions or limitations. The deed recites a consideration of $10 and other consideration but the deed was without consideration and the real purpose of it was to provide a home for testatrix, a spinster who lived with her and who was then and had for several years been suffering with rheumatic heart disease which rendered her feeble both in mind and body and susceptible to undue influence. When such deed was made, testatrix orally agreed with her mother that she would not dispose of the land but would leave it in her estate for division among her heirs at law. The propounders and Lee sought to convince testatrix that she was not required to carry out her oral promise; but desiring to do so, she continued to resist their fraudulent practices, duress and undue influence until on or about March 28, 1962, when she succumbed thereto and executed the purported will not as her free and voluntary act, but as the act and will of the propounders and Lee and they at such time knew her physical and mental condition was such that she was completely dependent on others to manage and operate her farm; that she relied on others to make important decisions for her pertaining to her finances; that she could not fully care for herself or perform her necessary household chores; that someone was required to stay with and care for her; that she was accustomed to following the advice of others; that she was, due to her physical and mental condition, prone to depend on and trust those close to her for advice and counsel; that she was easily susceptible to persuasion, coercion, and undue influence of others, especially the propounders and Lee. The propound-

ers and Lee knew she would not exclude her brother Simon P. Sweat from her will since they shared for each other that great love and affection not unusual between sister and brother, unless she thought he might not survive her and they succeeded in convincing her that he would most likely predecease her since he was then and had been for some time suffering from an extremely serious heart condition and had been critically ill several times immediately prior to the execution of her will. The propounders and Lee knew that testatrix was born and reared on the land she owned; that she had a deep affection for it as the homeplace of her family; and that she desired to have it remain in the family. So, in order to induce and influence testatrix to exclude her other kin from sharing in her estate, propounders and Lee imposed on the fears of testatrix by informing her that if all of her heirs acquired her land it would probably be necessary to sell it for division and that it would through public sale likely be bought by strangers. The purported will of testartix is the result of the plan and scheme of propounders and Lee, effectuated and accomplished by their aforementioned unlawful, fraudulent and coercive practices at a time when the enfeebled and impaired body and mind of testatrix was unable to and had not the capacity to resist and repel them.

The propounders demurred to and moved to strike the caveat on the ground that its allegations were insufficient to show such undue influence as would invalidate a will and their demurrer was sustained and the caveat was stricken. The case resulted in a judgment in favor of the propounders. The caveators excepted to the judgment striking their caveat and to the final probate judgment. .

As to undue influence, *Code* § 113-208 (which is merely a codification of a general legal proposition) declares: "The very nature of a will requires that it should be freely and voluntarily executed; hence, anything which destroys this freedom of volition invalidates a will; such as fraudulent practices upon testator's fears, affections, or sympathies, duress or any undue influence, whereby the will of another is substituted for the wishes of the testator." It is sometimes said that "undue influence" is a subtle something that defies definition; and in a

sense this is true, but from our Code and precedents we can at least state some of the things which do not constitute undue influence. The association of the phrase "undue influence" in the same context with the words, "fraudulent practices upon the testator's fears, affections, or sympathies, duress," shows that the influence spoken of, in order to be "undue," must be in the nature of fraud or duress. Hence, the recognized rule is that the "undue influence which operates to invalidate a will is such influence as amounts either to deception or to force and coercion, destroying free agency." *Bohler v. Hicks*, 120 Ga. 800 (5) (48 SE 306) ; *Burroughs v. Reed*, 150 Ga. 724, 726 (105 SE 290). Of course, if the persuasion or importunity consists of or is accompanied by fraud or misrepresentation of material facts, the case falls under *Code* § 113-209, which avoids a will so procured. The undue influence which the law contemplates as a ground to invalidate a properly executed will must be such as amounts to fraud, deceit, force, or coercion, destroying the testator's free agency and it must be operative at the time the will is executed. *Marlin v. Hill*, 192 Ga. 434, 439 (15 SE2d 473). In *Boland v. Aycock*, 191 Ga. 327, 329 (12 SE2d 319), it is said that "honest persuasion and argument, even to the extent of importunity, is not undue influence, it is not to be so considered in the case of a testator of enfeebled mind or body, any more than it would be if the testator were sound and well, provided of course the testator still has the mental capacity to make a will." A person may by will make any disposition of his or her property not inconsistent with the laws or contrary to the policy of the State. *Code* § 113-106. It is not here contended that the testatrix did not have testamentary capacity, and the caveat, when stripped of the pleader's unsupported conclusions of fraud, duress and unlawful practices, simply alleges that the two sisters of the testatrix and Lee—her nephew—advised her that she was not required to comply with the oral promise she allegedly made her mother to the effect that she would not dispose of the land but would leave it in her estate for distribution among her heirs at law—this was of course a legally correct representation; that her brother for whom she had a deep affection would likely not survive her—this, ac-

cording to an allegation of the caveat, was entirely probable; and that her land (the homeplace of her family) might, if she died intestate, be purchased by strangers through a sale of it for distribution among her several heirs at law—this was entirely possible. So when the allegations of the caveat are tested by the rules of law stated above, we think the judge properly sustained the demurrer thereto and struck it; and since the evidence was sufficient to prove the will in solemn form, the final probate judgment is not erroneous.

*Judgment affirmed. All the Justices concur.*