## 32153. HELTON v. ZELLMER.

INGRAM, Justice.

Appellant filed a caveat to the probate of the purported last will and testament of Mrs. Mamie V. Helton in the Probate Court of Baldwin County. That court ruled against the caveat, and its judgment, probating the will in solemn form, was appealed by the caveator to the superior court. The caveator sought to attack the will on grounds of lack of testamentary capacity, fraud, and undue influence. The trial court sustained the propounder's motions for directed verdict on the undue influence and fraud grounds. The sole issue of whether the will was void for lack of testamentary capacity on the part of the testatrix was submitted to a

jury. The jury found against the will. The trial court granted the propounder's separate motions for judgment notwithstanding the verdict and for a new trial on the general grounds. The caveator appeals from both orders of the trial court.

At the de novo trial in superior court, the propounder called the subscribing witnesses to the will, the scrivener, and various other lay and medical witnesses who testified that in their opinion the testatrix was of sound mind and disposition. The testimony of the subscribing witnesses was itself sufficient to make out a prima facie case of the testamentary capacity of the testatrix to make a valid will. See *Thornton v. Hulme,* 218 Ga. 480 (128 SE2d 744) (1964); *Anderson v. Anderson,* 210 Ga. 464 (80 SE2d 807) (1954).

The caveator called various lay and medical witnesses, including the testatrix' general physician of 25 years, who had psychiatric training in his professional background. The testimony of these witnesses was sufficient to authorize the jury to conclude, as it did, that the testatrix lacked sufficient mental capacity to make this will.

We believe there was a genuine conflict in the evidence on the sole issue of testamentary capacity which made a legitimate issue of fact for the jury. See *Cook v. Sheats,* 222 Ga.. 70 (148 SE2d 382) (1966); *Ware v. Hill,* 209 Ga. 214 (71 SE2d 630) (1952). Therefore, the trial court's judgment notwithstanding the verdict must be reversed as there was sufficient evidence to support the jury's verdict.

However, the trial court's grant of the propounder's separate motion for a new trial must be affirmed. Code Ann. § 81A-150 (b) allows a motion for a new trial to be joined with a motion for judgment notwithstanding the verdict or prayed for in the alternative. If the motion for judgment notwithstanding the verdict is granted, Code Ann. § 81A-150 (c) (1) requires the trial court to rule on the motion for new trial by determining whether it should be granted if the judgment n.o.v. is thereafter vacated or reversed.

When a trial court grants separate motions for judgment notwithstanding the verdict and for new trial

on the general grounds, we interpret the grant of the motion for new trial to be conditional on the appellate court's vacating or reversing the judgment n.o.v. As the law and facts of this case do not demand a verdict for either party, this first grant of a new trial will not be disturbed on appeal. Code Ann. § 6-1608 (64 Ga. 437). See *Rasmussen v. Martin,* 236 Ga. 267 (223 SE2d 663) (1976).

*Judgment reversed in part; affirmed in part. All the Justices concur. Bowles, J., not participating.*

ARGUED APRIL 12, 1977 — DECIDED APRIL 27, 1977 — REHEARING DENIED MAY 11, 1977.

*Robert H. Herndon,* for appellant.
*Milton F. Gardner,* for appellee.