## 33448. MITCHELL et al. v. HILLSMAN.

HALL, Justice.
Appellants are the caveators to the will of Lillie Mae Moore; they are appealing the grant of summary judgment to the propounder, appellee. The sole basis for the caveat (at the time of the hearing on this motion)[1] was the question of undue influence over the testatrix allegedly exercised by appellee, who is the sole legatee and devisee.

The caveators are the nieces of the testatrix, and the executrix of the estate of the testatrix's mother (who died during the pendency of this action.) Appellee was not related to the testatrix. However, appellee had rented half of the testatrix' house for at least seven years, and had managed the testatrix' financial affairs after the death of the testatrix' husband.

In support of her motion for summary judgment appellee introduced depositions which showed that the

---

[1] Other grounds had been abandoned.

will was duly executed. Moreover, one of the witnesses to the will testified that she had been a close friend of the testatrix for forty years, and that at the time the testatrix executed the will she was of sound mind, and was acting freely and voluntarily. Appellee was not present when the will was executed. This testimony established a prima facie case for the admission of the will, and negated the allegations of undue influence.

No direct evidence of undue influence was produced, thus the existence of material issues of fact must be established by inferences from the circumstances, if at all. *Stephens v. Bonner,* 174 Ga. 128 (162 SE 383)(1931). The first circumstance relied upon is the "unnatural" disposition of the testatrix' estate to a nonrelative, rather than her living relatives. The devise to appellee cannot be said to be unnatural under the circumstances. Appellee was instructed to take care of the testatrix' mother out of the estate. The nieces had not seen the testatrix in several years. Appellee had lived with the testatrix for more than seven years, up to her death, and had taken care of the household and financial affairs of the testatrix without compensation.

The conveyance of all the testatrix's real estate and the grant of a general power of attorney to appellee are also said to give rise to adverse inferences. These documents, which were executed with the will, served to facilitate appellee's continued management of the testatrix' affairs during her final illness, and were entirely consistent with the testamentary disposition of the same property. We cannot agree that these documents give rise to a suspicion of improper conduct by appellee, or weakness of mind of the testatrix.

The fact that appellee had the will and other documents drawn up, and that the documents were drawn by a legal secretary, is said to give rise to an inference of a scheme to exert undue influence. But appellee was acting at the direction of the testatrix. Moreover, we have not been shown any circumstance which would give rise to an inference of undue influence at the time the documents were executed. On the contrary, the fact that appellee was not present, and that a close friend of the testatrix was present, gives rise to an inference that there was no undue

influence at the crucial time of execution. *Sweat v. Hughes,* 219 Ga. 703 (135 SE2d 409)(1964).

We find no circumstances surrounding the execution of the will which would give rise to an inference of undue influence. The total lack of any direct evidence of undue influence, combined with the clear and positive testimony that the testatrix was of sound mind, that she signed her will freely and voluntarily, and that the person allegedly exerting undue influence was not present, required the grant of summary judgment for appellee. *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580)(1964).

The remaining enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 11, 1978 — DECIDED APRIL 27, 1978.

*Hill, Jones & Associates, Joseph Jones, Jr., E. Lundy Baety, Michael C. Ford,* for appellants.

*Carr, Wadsworth, Abney & Tabb, Noah J. Stone,* for appellee.