33543. MALLIS et al. v. MILTIADES
et al.

UNDERCOFLER, Presiding Justice.

Caveators appeal the granting of a motion for directed verdict in favor of the propounders of a will.

Nick and Christine Miltiades filed the application in the Probate Court of Chatham County to probate in solemn form the last will and testament, dated September 5, 1973, of Stelios Kelemides, 87, who died August 29, 1975. The propounders, a niece and nephew, were sole beneficiaries under the will. Appellant-caveators, a niece and her family, were heirs at law or beneficiaries under a former will. They caveated the application charging testamentary incompetence and undue influence. After hearing, the probate judge dismissed the caveat, admitted the will to probate in solemn form and issued letters

testamentary to the propounders who were named co-executors of the will. This action was appealed to the Superior Court of Chatham County. We reverse the directed verdict granted to propounders.

Following testimony by the subscribing witnesses establishing a prima facie case supporting the application, the caveators established the following pertinent facts: The testator was unmarried, had no children and lived during his later years with Mrs. A. S. Mallis, a niece, and then from August, 1972, in a nursing home. Testimony by Dr. Kessler, a medical doctor specializing in geriatrics, established Mr. Keremides, at 84, was suffering from severe chronic brain disease or senile psychosis. This diagnosis was in August, 1972, approximately one year prior to the execution of the will caveated. This condition is permanent and grows progressively worse. The doctor testified, in his opinion, Mr. Keremides was not of sound mind at that date. He could not offer an opinion as to whether Mr. Keremides was in this state on September 5, 1973, when he executed the new will, but stated if the testator was like most of the others he had observed with this condition,,he would not have known what he was doing. Other testimony established the testator was admitted to a nursing home because he could no longer care for himself. At the nursing home, two nurses testified he became incontinent, confused much of the time, and just prior to his death, he was hallucinating. With the assistance of one of the appellants, Robert Mallis, he executed a revocable trust; however, this witness stated he didn't know what he was doing when he did so. Through cross examination, the propounders established Mr. Keremides was in possession of his faculties when setting up the revocable trust and later when redrafting and executing the new will.

This testimony introduced by caveators covering a reasonable period of time before and after the time of the execution of the will constitute a genuine conflict in the evidence regarding the state of the testator's mind on the date he signed the will from which inferences could be drawn by a jury establishing a lack of the requisite mental capacity. *Ware v. Hill,* 209 Ga. 214 (71 SE2d 630) (1952);

*Estes v. Perkins,* 239 Ga. 636 (238 SE2d 423) (1977).[1]
It was error to grant the motion for directed verdict.
*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 5, 1978 — DECIDED JUNE 9, 1978.

*Richardson, Chenggis & Constantinides, Robert P. Mallis,* for appellants.
*Calhoun, Cohen & Associates, John R. Calhoun, Wiseman, Blackburn & Futrell, Hugh P. Futrell, Jr., Walter P. Degenhardt,* for appellees.

---

[1] "The time to be looked at in determining the capacity of a testator to make a will, in reference to his mental capacity, is the time when the will was executed. However, testimony relating to a reasonable period of time before and after the execution of the will may be introduced to show the testator's state of mind at the time of execution." *Estes v. Perkins,* supra.