# IN THE MATTER OF PRICE.

(SUPREME COURT DISCIPLINARY NOS. 23 AND 36).

MARSHALL, Justice.

Pursuant to Rule 4-211 of Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia (219 Ga. 873, et seq., as amended, 238 Ga. 735 et seq.) (referred to hereinafter as the "Bar Rules"), the State Bar of Georgia filed two separate complaints against Juanita L. Price, a member of the bar. In each disciplinary proceeding, the respondent answered the complaint; a special master was appointed; an evidentiary hearing was conducted by the special master; and the special master's findings of fact and conclusions of law were reported to and adopted by the State Disciplinary Board. Pursuant to Bar Rule 4-218, the board has submitted its report to this court in each disciplinary proceeding. Supreme Court Docket No. 23; Supreme Court Docket No. 36. In neither proceeding has the respondent filed any exceptions to the report of the board.

*Supreme Court Docket No. 23.*

In this proceeding, the complaint against the respondent charged that she had falsely represented to a client the action taken by her in his behalf and that she had withdrawn from her representation of him without giving him adequate notice of the fact of withdrawal, all of this being in violation of Standards 4 and 44 of Bar Rule 4-102.

The special master concluded that the evidence did not prove beyond a reasonable doubt that the respondent was guilty of committing these violations, and the special master recommended to the board that no discipline be imposed. The board adopted the recommendation of the special master, and in its report to this court, the board has recommended that no discipline be imposed against the respondent for this charge. We adopt the recommendation of the board and order that no discipline be imposed against the respondent in Supreme Court Docket No. 23.

*Supreme Court Docket No. 36.*

The complaint in this proceeding charges that the

respondent violated Standards 4, 64 and 65 of Bar Rule 4-102 in that she failed to pay a final judgment against her within 10 days after the ordering of judgment and that she commingled funds held in a fiduciary capacity with her own funds.

After conducting a hearing, the special master found that the following facts exist beyond a reasonable doubt:

The respondent was retained to represent Mrs. Diane Smith, who was asserting claims for damages for personal injuries she received in an automobile collision in which she was a passenger. Mrs. Smith's insurer, American Interstate Insurance Co. of Ga., paid her $4,745.48 under a no-fault automobile insurance policy, thereby becoming subrogated to her claims. The respondent settled these claims with Travelers Insurance Co. for $10,000. The draft was made payable to Mrs. Smith, American Interstate, and the law firm of which the respondent was a member. The respondent attempted to cash the draft, but it was returned by the bank because of unauthorized endorsements. The respondent or persons under her control affixed the unauthorized endorsement of American Interstate to the draft. The draft was eventually paid by the bank, and respondent and other members of her law firm appropriated the proceeds to their own use. Suit was instituted by American Interstate to recover the money. A consent judgment was taken against respondent, but the check issued by her in payment of the judgment was returned for insufficient funds.

The special master concluded that this evidence proved a violation by the respondent of Standards 3, 4 and 64 of Bar Rule 4-102. The special master recommended to the board that the respondent be disbarred. The board found that the record supports, beyond a reasonable doubt, the findings of fact of the special master, and the board unanimously adopted and approved the findings and conclusions of the special master. Accordingly, in its report to this court, the board has recommended that the respondent be disbarred for violations of Standards 3, 4 and 64 of Bar Rule 4-102.

We find that the findings of fact of the special master, adopted by the board, are supported by the evidence. We,

therefore, approve the findings of fact and adopt the recommendation of the board in Supreme Court Docket No. 36. It is ordered that the respondent, Juanita L. Price, be disbarred from the practice of law in this state.

*All the Justices concur in Supreme Court Docket No. 23 and No. 36.*

DECIDED JUNE 21, 1979.

*Juanita L. Price,* pro se.

*James E. Spence, Assistant General Counsel State Bar,* for State Bar of Georgia.