S90A1366. KIEVMAN v. KIEVMAN.

(400 SE2d 317)

HUNT, Justice.

Carson Kievman, son of the testator, Michael Kievman, challenged the will the testator's wife sought to probate on the grounds that the testator lacked testamentary capacity to execute the will and that the wife exerted undue influence over the testator. The probate court dismissed the caveat and granted the wife's petition to probate the will. This is an appeal by the caveator from the superior court's grant of summary judgment to the wife.

1. We agree with the caveator that the superior court erred in holding the testimony of one of the testator's daughters insufficient to create a question of fact on the issue of the testator's testamentary capacity.[1] The will was executed while the testator was in the hospital. All those who were present — the wife, the two subscribing witnesses, and the attorney who drafted the will — testified that the testator then possessed the mental ability to execute a will. In rebuttal, the caveator presented the affidavit of one of the testator's daughters, who testified that the day the will was executed, the testator was unable to communicate intelligibly with those who were present, and that the days before the will was executed, the day it was executed, and for some days thereafter, the testator was very ill, heavily medicated, and incoherent. The superior court held this evidence insufficient to create a question of fact regarding the testator's state of mind at the time the will was signed. However,

. . . [I]t is [not] essential to establish incapacity by someone

---

[1] A review of the superior court's order granting summary judgment leaves the impression that the court imposed a burden of proof on the caveator inconsistent with summary judgment procedure. The superior court held that, after the propounder, as movant for summary judgment, establishes a prima facie case of testamentary capacity, the burden then shifts to the caveator to prove that there are genuine issues of fact regarding testamentary capacity or undue influence. However, in a probate case, just as in any other case, the movant for summary judgment must do *more* than establish a prima facie case. Rather, the burden is on the movant to show that, after a consideration of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, no material issues of fact remain. OCGA § 9-11-56 (c). *Hansford v. Robinson,* 255 Ga. 530, 531 (2) (340 SE2d 614) (1986).

who was present *when the will was signed or who saw the testator the day the will was executed.* Evidence as to the state of mind of the testator prior to and subsequent to the date of the execution of the will may illustrate the incompetency of the testator at the time of its execution. Where a condition of incapacity is shown to exist prior to the execution of a will, and it is further shown that this condition continues for a period of time subsequent to the date of execution, it [sic] is evidence showing incapacity at the time of execution, and controverts the positive evidence of the subscribing witnesses, thus making an issue of fact. . . . [Emphasis supplied.] [*Ware v. Hill,* 209 Ga. 214, 218 (2) (71 SE2d 630) (1952).]

The affidavit, covering a reasonable period of time before and after the time of the execution of the will, creates a conflict in the evidence regarding the testator's state of mind at the time he signed the will from which inferences could be drawn by a jury that the testator lacked the requisite mental capacity. *Mallis v. Miltiades,* 241 Ga. 404, 405 (245 SE2d 655) (1978); see also *Borenstein v. Blumenfeld,* 250 Ga. 606, 609 (4) (299 SE2d 727) (1983); *Ware v. Hill,* supra; compare *Dean v. Morsman,* 254 Ga. 169, 171 (1) (327 SE2d 212) (1985). Accordingly, the superior court erred by granting summary judgment on this issue.

2. The record supports the trial court's finding that there is no question of fact regarding undue influence, and the trial court properly granted summary judgment to the wife on that issue.

*Judgment affirmed in part, reversed in part. Clarke, C. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge G. Mallan Faircloth concur; Smith, P. J., dissents as to Division 1 and the judgment; Weltner, J., not participating.*

DECIDED FEBRUARY 1, 1991 —
RECONSIDERATION DENIED FEBRUARY 28, 1991.

*Orr & Edwards, W. Fred Orr II, James G. Edwards II,* for appellant.

*Long, Aldridge & Norman, Jack H. Watson, Jr., Craig M. Frankel,* for appellee.