S94A0988, S94X0990. McGEE et al. v. INGRAM; and vice versa.
(448 SE2d 439)

CARLEY, Justice.

Appellee-Executor filed the will of Mrs. Naomi Ingram for probate, but appellant-Caveators challenged the validity of the will on the grounds of Executor's exercise of undue influence over Mrs. Ingram and Mrs. Ingram's own lack of testamentary capacity. The probate court admitted the will to probate and, on Caveators' appeal to the superior court, Executor moved for summary judgment. The superior court granted partial summary judgment as to the issue of Executor's exercise of undue influence, but denied partial summary judgment as to the issue of Mrs. Ingram's lack of testamentary capacity. In Case No. S94A0988, Caveators appeal from the grant of partial summary judgment and, in Case No. S94X0990, Executor cross-appeals from the denial of partial summary judgment.

*Case No. S94A0988*

1. " ' "Undue influence, to invalidate a will, must amount to force or fear — must, in effect, make the will the mental offspring of some other person, and must be operative on the mind of the testator at the time the will is executed. It must destroy the free agency of the testator and constrain him to do what is against his will, but what he is unable to refuse." ' " [Cit.]

*Dean v. Morsman*, 254 Ga. 169, 173 (2) (327 SE2d 212) (1985).

Executor was not present on the occasion when the will was presented to Mrs. Ingram for her review and execution. However, in support of his motion for partial summary judgment, he did produce the testimony of the three subscribing witnesses, one of whom was the attorney who drafted the will and another of whom was the physician who had been treating Mrs. Ingram for some eight years. According to the attorney, he first reviewed the will, page by page, so that Mrs. Ingram could be sure that it comported with her wishes. The attorney then asked her if she had been subjected to any undue influence, and "she said no, that this was what she wanted and that she was going to sign it." According to Mrs. Ingram's physician, she "was not the type of person who would let herself be unduly influenced by another person" and, when he "asked her if she knew what she was doing and if she was in agreement with everything in the will[, she] said she knew that this was her will and that she wanted it that way." "This testimony established a prima facie case for the admission of the will, and negated the allegations of undue influence." *Mitchell v. Hillsman*, 241 Ga. 289, 290 (244 SE2d 871) (1978).

In opposition to the motion for summary judgment, Caveators introduced evidence of Executor's influence over Mrs. Ingram, but there was no evidence which would authorize a finding that he exercised such undue influence over her as to invalidate her will. Although Executor is the primary beneficiary under the will and, for a number of years before Mrs. Ingram's death, had a confidential relationship with her,

"[i]t is insufficient to show merely that the persons receiving substantial benefits under the instrument sought to be propounded occupied a confidential relationship to the testator and had an opportunity to exert undue influence. The indulgence of mere suspicion of undue influence cannot be allowed. Even the evidence of undue influence over the mind and will of the testator at another time will not invalidate a will." [Cit.]

*Dean v. Morsman,* supra at 173 (2). Caveators' evidence

> suffice[s] to raise nothing more than a mere suspicion that [Executor] exercised undue influence over [Mrs. Ingram] at the time [she] executed the will. There is no circumstantial evidence to show that, at the time [Mrs. Ingram] executed the will, [Executor] was exercising such force or duress that [he] destroyed [her] free agency, substituting [his] will for [her] own. . . . [Mrs. Ingram] appeared to the subscribing witnesses to be acting of [her] own free will. [Executor] was [not] present when [she reviewed and] executed the will . . . and did not participate.

*Dean v. Morsman,* supra at 173-174 (2).

It follows that the trial court correctly granted partial summary judgment in favor of Executor as to the issue of his exercise of undue influence over Mrs. Ingram. *Dean v. Morsman,* supra at 173 (2); *Russell v. Fulton Nat. Bank of Atlanta,* 248 Ga. 421, 423 (3) (283 SE2d 879) (1981); *Mitchell v. Hillsman,* supra.

### Case No. S94X0990

2. The testimony of the three subscribing witnesses likewise was sufficient to shift to Caveators the burden of showing that a genuine issue of material fact remained as to Mrs. Ingram's testamentary capacity.

Included among the materials submitted by Caveators in opposition to the motion for summary judgment were affidavits of two physicians. Executor does not contend that, if considered by the superior court, these affidavits are insufficient to show that a genuine issue of material fact remained as to Mrs. Ingram's testamentary capacity. His only contention is that these affidavits should not have been considered by the superior court, because they contain opinions based upon Mrs. Ingram's medical records which are not of record.

An affidavit "lacks probative value [if it] neither attaches medical records which are part of the record in [the] case nor . . . 'clearly identif[ies] the record matter upon which it is based.' " *Hayes v. Murray,* 252 Ga. 529, 531 (314 SE2d 885) (1984). The two affidavits relied upon by Caveators state that they are based upon the physicians' consideration of Mrs. Ingram's medical records which were submitted into evidence in the probate court and are a part of the record in the proceedings in that court. Although Mrs. Ingram's medical records were included in the record of the proceedings in the probate court, it does not appear that, pursuant to Uniform Probate Court Rule 9.3, those medical records were ever made a part of the record in the proceedings in the superior court. Accordingly, the physicians' affidavits

are based upon Mrs. Ingram's medical records which were not of record in the superior court and those affidavits lack probative value as evidence in opposition to Executor's motion for summary judgment.

In opposition to Executor's motion, Caveators also submitted affidavits of lay witnesses regarding Mrs. Ingram's lack of testamentary capacity before and after her execution of the will. Construing this evidence most favorably for Caveators and most strongly against Executor, a genuine issue of material fact remains as to Mrs. Ingram's lack of testamentary capacity on the day that she executed the will. *Kievman v. Kievman*, 260 Ga. 853 (400 SE2d 317) (1991). Compare *Dean v. Morsman*, supra. It follows that Executor's motion for summary judgment was correctly denied as to the issue of Mrs. Ingram's testamentary capacity.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 1994 —
RECONSIDERATION DENIED OCTOBER 28, 1994 AND NOVEMBER 21, 1994.
Wills. Monroe Superior Court. Before Judge Eldridge from Atlanta Circuit.

*W. Franklin Freeman, Jr., C. Brown Edwards, Jr.,* for appellants.

*Haygood, Lynch, Harris & Melton, Charles B. Haygood, Jr., Jones, Cork & Miller, Hubert C. Lovein, Jr.,* for appellee.