## S95A0303. FLEMING et al. v. CONSTANTINE.
(457 SE2d 714)

SEARS, Justice.

Josephine Murray died testate in August 1993. Norma Fleming, the testator's niece, and Irma Hutchinson, the testator's sister, contested the probate of the will, contending that Murray lacked testamentary capacity. The trial court granted summary judgment to the will's propounder, Katherine Constantine. We conclude that the caveators presented enough evidence of the testator's unstable mental condition both before and after the will's execution to create a jury question as to whether Murray was capable, when she executed the will, of rationally disposing of her property.[1] Therefore, we hold that the trial court erred in granting summary judgment to the propounder.

*Judgment reversed. All the Justices concur, except Hunt, C. J., Benham, P. J., and Fletcher, J., who dissent.*

HUNT, Chief Justice, dissenting.

I agree that circumstances before and after the execution of the will may, in some instances permit an inference of the presence or absence of testamentary capacity. However, I, and my fellow dissenters, respectfully disagree that the evidence in this case permits an inference of the absence of such capacity. The evidence here does not meet the *Kievman v. Kievman,* 260 Ga. 853 (400 SE2d 317) (1991) standard and the grant of summary judgment was appropriate and should be affirmed.

I am authorized to state that Presiding Justice Benham and Justice Fletcher join in this dissent.

DECIDED JUNE 5, 1995 —
RECONSIDERATION DENIED JUNE 30, 1995.

*Hunter, Maclean, Exley & Dunn, Harold B. Yellin, Darrin L.*

---

[1] See *Kievman v. Kievman,* 260 Ga. 853 (400 SE2d 317) (1991). See also *Mallis v. Miltiades,* 241 Ga. 404, 405 (245 SE2d 655) (1978).

*McCullough,* for appellants.

*Chamlee, Dubus & Sipple, George H. Chamlee, Clark & Clark, H. Sol Clark, Fred S. Clark,* for appellee.