S95A1313. ROBERTS v. BAKER et al.
(463 SE2d 694)

HINES, Justice.

Earl Roberts filed a petition to probate in solemn form the Last Will and Testament of his father, B. R. Roberts. Earl Roberts' brothers and sisters filed a caveat on the grounds that their father lacked the mental capacity and intention to execute the will and that he did so because of undue influence by Earl. The jury rendered a verdict in favor of the caveators, and the trial court denied probate of the will and Earl's subsequent motion for new trial. Earl challenges the admissibility of certain evidence at trial and the sufficiency of the evidence to sustain the verdict. We affirm.

Evidence at trial revealed that B. R. Roberts suffered a life-threatening stroke on January 19, 1990. His neurological condition began to deteriorate and he experienced seizures and paralysis. Tests showed that he then suffered from a marked reduction in audio and reading comprehension, and verbal expression. During Roberts' hospitalization, Earl consulted with an attorney about drafting a will for his father. Earl carried on his father's farming enterprise and met with the attorney several times to give him specific instructions about the disposition of the father's property. Earl was present at the time of meetings between Roberts and the attorney. Roberts executed the will less than a month after the stroke. During the time prior to exe-

---

cution, he was suffering from a significant reduction in blood flow to the brain caused by arterial blockage, and appeared often to be confused. He was unable to comprehend sentences. A therapist opined to Earl and the attorney that Roberts would be unable to understand a complicated will. Roberts continued to have strokes and seizures until his death in 1992.

Prior to Roberts' death, Earl denied any knowledge of a will in the face of inquiries by his siblings. Even though Roberts had always treated his children equally, under the will, Earl was to receive a share of his father's estate more than four times that given to any of his brothers and sisters.

1. Earl contends that the trial court erred in allowing into evidence the videotaped deposition of the caveators' expert, Dr. Davis, because Davis based his testimony solely upon the inadmissible hearsay of other experts' opinions, thereby acting as a mere conduit. The contention fails. The doctor's opinion was not premised solely on the out-of-court opinions of other medical personnel. Davis reviewed Roberts' medical records, which were admitted at trial without objection, and testified that his opinion was based on his experience and his review of the records as a whole. See *Doctors Hosp. v. Bonner*, 195 Ga. App. 152, 159 (3) (392 SE2d 897) (1990). Even when

> an expert's testimony is based on hearsay, the lack of personal knowledge on the part of the expert does not mandate the exclusion of the opinion but, rather, presents a jury question as to the weight which should be assigned the opinion. The evidence should go to the jury for whatever it's worth. [Cits.]

*King v. Browning*, 246 Ga. 46, 47 (1) (268 SE2d 653) (1980).

2. Earl contends that the trial court erred in denying him a new trial because it improperly admitted certain evidence which was hearsay, and that absent such hearsay, there was no evidence of his father's lack of testamentary capacity. He further maintains that there was no evidence of undue influence to sustain the verdict on that basis.

The contested evidence on capacity consists of Dr. Davis' opinion testimony; a reference by the treating neurosurgeon, Dr. Kadis, to a statement by a colleague recorded in the medical records; and witness accounts of statements by Roberts' wife, who was deceased by the time of trial, that Roberts was unable to understand the will. Admission of this evidence does not entitle Earl to a new trial.

Dr. Davis' opinion was not inadmissible hearsay. See Division 1. Dr. Kadis' reference to his colleague's statement, which was not objected to at trial, was merely repetitive of other admissible evidence

of Roberts' medical condition. *Harris v. Tatum*, 216 Ga. App. 607, 611 (2) (455 SE2d 124) (1995). Moreover, the medical record containing the statement was admitted into evidence without objection. Finally, the testimony about Roberts' wife's assessment of his understanding of the will was elicited on cross-examination by Earl's own counsel. In any event, it too was merely cumulative of other admissible evidence. Id.

Even absent the challenged evidence, there was ample evidence to support a finding of Roberts' lack of mental capacity at the time of execution of the will. See *Kievman v. Kievman*, 260 Ga. 853 (1) (400 SE2d 317) (1991). There was also evidence from which the jury could conclude that the will was the result of undue influence. See *Hawkins v. Hodges*, 213 Ga. 837, 839 (1) (102 SE2d 16) (1958). The trial court correctly denied probate of the will and a new trial to the propounder.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 1995.

*Deming, Deming, Born & Parker, Paul M. Hoffman*, for appellant.

*Langdale, Vallotton & Linahan, William P. Langdale, Jr., William P. Langdale III*, for appellees.