S97A1910. HORTON v. HORTON.
(492 SE2d 872)

CARLEY, Justice.

Ms. Carolyn Horton was diagnosed with terminal cancer and died two months later on September 21, 1994. Her survivors were her sons, Richard I. Horton, Jr. (Propounder) and Robert G. Horton (Caveator). Ms. Horton's purported will, dated August 25, 1994, named Propounder as executor and devised and bequeathed all of her property to him, to the exclusion of Caveator. After Propounder offered Ms. Horton's will for probate, Caveator challenged its validity on several grounds. At trial, the jury found that Ms. Horton's will was invalid due to lack of testamentary capacity and undue influence. Propounder appeals from the judgment entered by the trial court on the jury's verdict. Contending that there was no evidence to support the verdict, Propounder enumerates as error the trial court's denial of his motions for directed verdict and for judgment notwithstanding the verdict.

1. Construed most favorably in support of the verdict, the evidence of testamentary incapacity includes the following: One of the subscribing witnesses, Rebecca McDaniel, testified that, at the time of execution of the will, Ms. Horton did not appear to be of sound and disposing mind and memory, but was "real sick," "so sick she didn't know what was going on," had "a blank stare," and apparently did not recognize McDaniel. The other subscribing witness, Jane Reeves, testified that Ms. Horton "was not aware of much of anything," "comatose almost," "very out of it" with "very glassy" eyes, and was not mentally competent. Dr. Bruce Feinberg treated Ms. Horton at the hospital before and after the execution of the will. He testified that she was discharged five days before execution of the will with a diagnosis of underlying dementia, which is incurable, and that she was readmitted less than one month later with progression of dys-

function. In the doctor's opinion, it would be extremely surprising if Ms. Horton had normal mental capacity at any time on the day of the execution of the will.

Subscribing witnesses to a will may give their opinions as to the sanity of the testator at the time of the execution of the will without setting forth facts upon which such opinions are founded. *In re Estate of Harris*, 251 Ga. 535 (1) (307 SE2d 482) (1983). See also *Franklin v. First Nat. Bank*, 187 Ga. 268, 274 (8) (200 SE 679) (1938). Cases relied on by Propounder "do not contradict this principle because they relate to witnesses other than subscribing witnesses. [Cit.]" *In re Estate of Harris*, supra.

Where, as here, the subscribing witnesses give testimony as to testamentary capacity and mental condition of the testator, which is adverse to the propounder and favorable to the caveator, such evidence will not necessarily defeat the will. *Spivey v. Spivey*, 202 Ga. 644, 649 (1) (44 SE2d 224) (1947). However, such testimony certainly *authorizes* a jury to conclude that the testator did not possess testamentary capacity at the time of execution of the will. Moreover, this conclusion was authorized by the testimony of Dr. Feinberg even without the testimony of the subscribing witnesses. See *Dunn v. Sneed*, 260 Ga. 763 (400 SE2d 10) (1991); *Mallis v. Miltiades*, 241 Ga. 404 (245 SE2d 655) (1978); *Helton v. Zellmer*, 238 Ga. 735 (235 SE2d 35) (1977); *Leventhal v. Baumgartner*, 207 Ga. 412, 415 (61 SE2d 810) (1950). It is immaterial that testimony of Propounder and of a doctor who did not treat Ms. Horton may have authorized a finding in Propounder's favor. Only the testimony favorable to Caveator need be considered, because the sole question before us is whether there is sufficient evidence to sustain the jury's verdict. *Thompson v. Mitchell*, 192 Ga. 750, 752, 753 (16 SE2d 540) (1941). Because the evidence was clearly sufficient in this case, we affirm the judgment entered on the verdict of the jury. See *Thompson v. Mitchell*, supra.

2. Because there was sufficient evidence to support the finding of lack of testamentary capacity, we need not address Propounder's contentions relative to the sufficiency of the evidence to authorize a finding of undue influence. *Borenstein v. Blumenfeld*, 250 Ga. 606, 609 (5) (299 SE2d 727) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 1997 —
RECONSIDERATION DENIED DECEMBER 19, 1997.

*Richard H. Johnston,* for appellant.
*Ansell T. Maund III,* for appellee.