S08A0006. MELICAN et al. v. PARKER et al.
(657 SE2d 234)

CARLEY, Justice.

During the last decade of his life, Harvey Strother (Testator) had an extramarital affair with Anne Melican. In that period, he executed codicils to his will on three occasions to provide for Ms. Melican and her son (Propounders). Testator died in January 2004. The will named Sydney Parker as executor and as trustee of a testamentary trust created for Testator's wife. Propounders petitioned to probate the codicils. However, caveats were filed by Mr. Parker, in his dual capacities as executor and trustee, and one of the Testator's grandsons, David Strother (Caveators), contending that the codicils were invalid based on a lack of testamentary capacity and undue influence. Propounders filed motions to dismiss Mr. Parker's caveat and for summary judgment. The probate court denied the two motions, but certified both orders for immediate review. We granted an interlocutory appeal to consider those orders.

1. Only those who have some interest in the will or estate which will be affected or concluded by probate have a right to file a caveat. *Doughty v. Futch*, 219 Ga. 677, 679 (135 SE2d 286) (1964). Essentially the same rule has long existed, "by virtue of statutes or decisions, in practically all the other states. [Cits.]" *Johnston v. Willis*, 127 A 862, 864 (Md. 1925). See also Anno., 94 ALR2d 1409, § 1 (1964) ("The right to contest a will is generally confined, either by express statutory language, judicial construction of broader statutory language, or by decisional law, to 'persons interested.' [Cit.]"). Furthermore, there has been "a healthy trend"

> to broaden rather than restrict the definition of those entitled to contest the probate of an alleged will during the period administration of the estate is pending. This trend may well be attributable to the fact that the creation of testamentary trusts is now commonplace in the preparation of wills taking full advantage of laws, rules and regulations governing estate taxes. Liberality as to parties who may contest the probate of an alleged will is an inherited tradition of great antiquity.

*State v. Haddock*, 140 S2d 631, 636 (Fla. App. 1962), rev'd on other grounds, 149 S2d 552 (Fla. 1962). "Among such parties named in the [Georgia] cases are a purchaser from the heir, or his judgment creditor, an administrator appointed for the testator before discovery of the will, persons claiming under an earlier will, and others. [Cits.]" 2 Daniel F. Hinkel, *Pindar's Ga. Real Estate Law and Procedure* § 16-26, p. 96 (6th ed. 2004) (also noting that "[p]ersons not entitled include general creditors of the estate, an adopted child of the testator's child, and others").

> The question of who has standing to caveat a will has been determined on a case by case basis, the general statement of the rule being that a will may be contested by any person interested in the estate of the deceased, but cannot be contested by strangers. [Cits.] . . . [A] person who will be injured by probate of a will, or who will benefit by its not being probated, has an interest in the proceeding so as to provide the necessary standing to caveat.

*Lavender v. Wilkins*, 237 Ga. 510, 512 (1) (228 SE2d 888) (1976). One of the questions presented in this case is

> whether one who, whether named as executor or not, is appointed as an active trustee in a will, has standing to

contest a later purported will [or codicil] of the same testa-
tor. . . . The few cases considering the point are unanimous
in the conclusion that one named as a testamentary trustee
has standing to contest a later alleged will [or codicil] of the
same testator.

Anno., supra. See also Eunice L. Ross & Thomas J. Reed, *Will
Contests* (2nd ed.) § 3:6; 79 AmJur2d Wills § 795. Even those courts
which "have denied such right to the executor . . . have made a
distinction, in this respect, between an executor on the one hand and
a trustee on the other, holding that the latter has standing as a party
aggrieved to" caveat or contest a later will or codicil. *In re Rogers'
Estate*, 83 A2d 268, 274 (II) (N.J. Super. 1951). See also *InterFirst
Bank of Fort Worth v. Estate of Henderson*, 719 SW2d 641, 643 (Tex.
App. 1986); *O'Leary v. McGuinness*, 98 A2d 660, 664 (Conn. 1953);
*Johnston v. Willis*, supra. Thus, such courts have held that, where an
entity "as executor did not have sufficient capacity to maintain a will
contest, yet in its capacity as trustee under the earlier will it could
contest the latter will." *In re Maricich's Estate*, 371 P2d 354, 355
(Mont. 1962). See also *Reed v. Home Nat. Bank*, 8 NE2d 601 (Mass.
1937).

Although we need not resolve the standing of Parker as executor,
we nevertheless recognize that, since a testamentary trustee is
"clothed with the title and charged with the management and control
of the trust property," his interest therein " 'is held to be of a decidedly
more substantial nature than is the interest of an executor in the
property of his decedent.' " (Emphasis omitted.) *In re Maricich's
Estate*, supra. See also *In re Rogers' Estate*, supra at 275 (II); *Johnston
v. Willis*, supra at 865.

A trustee named in an earlier will not only receives his
appointment by virtue of the will, if and when it is deter-
mined that it is the last will of the decedent, but is be-
queathed the legal title to the trust res. In that respect he is
in the same position as any legatee.

*O'Leary v. McGuinness*, supra. The right of a legatee under an earlier
will to contest a later one

is necessarily based upon the possible or potential interest
created by the earlier will. When an ordinary legatee is thus
allowed to appear, it would seem strange to deny a similar
right to a trustee named in the earlier will. The potential
interest of a trustee is as important and as real as that of a
legatee. In fact a trustee is a legatee, and he takes legal title

as such. If the earlier will is eventually allowed, the trustee will at once become the sole representative before the law of all the beneficiaries of the trust. It is immaterial to the present issue that his interest will then be representative and not personal in character. . . . It is enough if each party attempting to appear shows a legitimate potential property interest derivable from the earlier will justifying his presence. [Cit.]

*Reed v. Home Nat. Bank,* supra at 602 (1). See also *In re Rogers' Estate,* supra. Therefore, we follow the general rule that all legatees, trustees, and cestuis que trustent named in an earlier will, " 'if they desire to act, are entitled as of right to appear in opposition to the probate of a paper purporting to be a later will' " or codicil. *State v. Haddock,* supra at 637. See also *Reed v. Home Nat. Bank,* supra.

There is "some intimation" in case law that, where the beneficiaries of the testamentary trust "are not adversely affected by the subsequent will or codicil, as where it merely names an additional executor or trustee, the trustee under the prior will has no such interest or standing as would permit him to contest the subsequent will." Anno., supra. Where a codicil merely appoints a different trustee, the trustee under the prior will clearly does not have standing to file a caveat, because a "trustee has no pecuniary interest in the estate, his prospective commissions not being considered such an interest under the will. [Cit.]" *In re Rogers' Estate,* supra. Again, however, the trustee is in the same position as a legatee, and "[t]he fact that the trustee may be motivated by the loss of prospective commissions ought not to detract from the 'grievance' that would otherwise exist." *In re Rogers' Estate,* supra. Nevertheless, when a later codicil clearly has *no* adverse effect on the beneficiaries, such as when control of the corpus and administrative fees are shifted away from the trustees, resulting in an enhancement of the beneficiaries' income, the trustees do not have standing to contest the codicil. *Estate of Getty,* 149 Cal. Rptr. 656, 660 (Cal. App. 1978).

Unlike the codicils in cases like *Getty,* the codicils here did not only alter Mr. Parker's fees and the extent of his control of trust property. These codicils changed the disposition of property by making new specific devises to persons who were not previously beneficiaries of the will. Even if Propounders are correct that the marital trust's proportionate share of the adjusted gross estate remains the same under the codicils, it cannot be concluded at this time that the codicils did not have any adverse effect on the beneficiaries of the trust. To the contrary, the property devised by the codicils was previously available for the final allocation of estate property and thus potential inclusion in the trust, but would be excluded from such

consideration if the codicils are valid. Thus, Mr. Parker as trustee does have a potential interest in the validity of the codicils and in the amended disposition of property contained within their four corners. We have not located any case holding that a trustee does not have standing to file a caveat to a codicil which alters the allocation of property without increasing the share devised to a trust.

Accordingly, we hold that Mr. Parker had standing in his capacity as trustee of the testamentary marital trust to file a caveat to the codicils and, therefore, the trial court correctly denied the motion to dismiss that caveat. This holding renders moot the question of whether Mr. Parker had standing to file the caveat in his capacity as executor.

2. Propounders contend that the probate court's order denying the motion for summary judgment should be reversed with respect to the second and third codicils.

Propounders produced evidence from the subscribing witnesses to the second and third codicils that Testator had testamentary capacity and that he did not appear intoxicated or otherwise incapacitated on the dates of execution. Caveators rely on general testimony regarding Testator's drinking habits and on affidavits regarding his intoxication near those dates. Although the controlling question is the condition of Testator's mind at the time of execution of each codicil, it is not essential to establish incapacity by the testimony of

> "someone who was present when the will was signed or who saw the testator the day the will was executed. Evidence as to the state of mind of the testator prior to and subsequent to the date of the execution of the will may illustrate the incompetency of the testator at the time of its execution. Where a condition of incapacity is shown to exist prior to the execution of a will, and it is further shown that this condition continues for a period of time subsequent to the date of execution, it is evidence showing incapacity at the time of execution, and controverts the positive evidence of the subscribing witnesses. . . ." [Cit.]

*Dean v. Morsman*, 254 Ga. 169, 172 (1) (327 SE2d 212) (1985). The evidence presented by Caveators showed that Testator's alcohol abuse was exceptionally severe, that he typically drank one and a half gallons of wine per day, causing a blood-alcohol level near 0.40 grams, that his drinking was continuous and that, if he did not ingest large amounts of alcohol, he would have had a potentially fatal withdrawal reaction. On the day after he signed the second codicil on June 6, 2003, he was heavily intoxicated, dependent on a constant supply of alcohol, and incapable of any mental or physical exertion. The third

codicil was executed on December 16, 2003 and, earlier in the same month, Testator was observed in a completely intoxicated state, drinking from a large cup next to a box of wine containing a faucet. Further testimony showed that, in the months before his death, Testator experienced cognitive difficulties, including memory loss, and was unable to make business decisions.

> [I]n a probate case, just as in any other case, the movant for summary judgment must do *more* than establish a prima facie case. Rather, the burden is on the movant to show that, after a consideration of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, no material issues of fact remain. [Cits.] (Emphasis in original.)

*Kievman v. Kievman*, 260 Ga. 853 (1), fn. 1 (400 SE2d 317) (1991). Construing the evidence most favorably for Caveators and most strongly against Propounders, a genuine issue of material fact remains as to Testator's lack of testamentary capacity on the dates that he executed the second and third codicils. See *Lillard v. Owens*, 281 Ga. 619, 620-621 (1) (641 SE2d 511) (2007); *Fleming v. Constantine*, 265 Ga. 525 (457 SE2d 714) (1995); *McGee v. Ingram*, 264 Ga. 649, 652 (2) (448 SE2d 439) (1994); *Kievman v. Kievman*, supra at 854 (1). Compare *Dean v. Morsman*, supra at 172-173 (1) (where there was no evidence which would establish by inference that the testator "was *continuously* disabled over a period which would have included the date of execution of the will" (emphasis in original)); *Yuzamas v. Yuzamas*, 241 Ga. 577, 578-580 (247 SE2d 73) (1978).

As for undue influence, Caveators presented evidence that Testator was 79 years old when he died and, because of his extraordinary alcohol dependency, was suffering from numerous severe physical maladies and was, near the time of execution of the second and third codicils, in an incapacitated state, vulnerable, and easily manipulated. He required constant in-home care, which included bathing and dressing, and, when in Florida, he was completely dependent on Ms. Melican. On the days that the second and third codicils were executed, she drove Testator to the office of the attorney, who also served as her lawyer. During the signing of the third codicil, Propounders sat on each side of Testator, Ms. Melican having pushed his wheelchair in. Again construing the evidence most favorably for Caveators and most strongly against Propounders, we conclude that a genuine issue of material fact remains as to the issue of undue influence with respect to the second and third codicils. See *Lillard v. Owens*, supra at 621 (1); *Bailey v. Edmundson*, 280 Ga. 528, 529 (1) (630 SE2d 396) (2006); *Cook v. Huff*, 274 Ga. 186 (1) (552 SE2d 83) (2001). Compare *Dean v. Morsman*, supra at 173 (2).

*Judgments affirmed. Sears, C. J., Hunstein, P. J., Benham, Carley, Thompson and Melton, JJ., and Judge John D. Allen concur. Hines, J., not participating.*

DECIDED FEBRUARY 11, 2008 —
RECONSIDERATION DENIED MARCH 10, 2008.

*Troutman Sanders, Douglas D. Salyers, Wayne R. Vason, Alison A. Grounds, Mark S. VanderBroek, W. Allen Separk,* for appellants.

*Roy E. Barnes, Allison B. Salter, Brock, Clay, Calhoun & Rogers, Thomas H. Rogers III, Dupree, King & Kimbrough, Hylton B. Dupree, Jr.,* for appellees.