**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 21, 2024**

# In the Court of Appeals of Georgia

A23A1491. IN RE ESTATE OF ANNE SMITH FLORANCE, DECEASED.

FULLER, Senior Judge.

Executor Philip A. Bates filed a petition to probate in solemn form the will of Anne Smith Florance. Emily Howell, Florance's niece, filed a caveat to the petition.[1] Bates sought partial summary judgment on the issue of Howell's standing to contest the validity of the will. The trial court denied the motion, and we granted Bates's application for interlocutory appeal. For reasons that follow, we reverse.

---

[1] Although other family members filed caveats or "objections" below, Howell appears to be the one to actively litigate the caveat in probate court, and she is the only party who has filed a responsive pleading in this Court. Thus, we refer solely to Howell.

The relevant background facts are not in dispute. In 1997, Florance executed her will and created a revocable inter vivos trust. In general terms, the trust distributed amounts to various beneficiaries with the remainder divided between specified charities. The will poured over any remaining assets into the trust. Florance then, over time, transferred her assets into the trust. The documents were amended and updated throughout the years, with the final versions executed on February 20, 2013. That same day, Florance executed an assignment, which irrevocably transferred her remaining assets into the trust.

Florance died in May 2013. Bates – who was nominated as executor – filed the will with the probate court, but he did not offer the document for probate since the estate had no assets. Bates – who also served as trustee – notified Howell that she was to receive $25,000 under the trust. After receiving notice of her distribution, Howell filed a petition in probate court, claiming that Florance died intestate and seeking to have herself appointed as administrator of the estate. Howell also filed an ex parte petition for a temporary restraining order (TRO) against Bates to stop him from selling Florance's home and transferring the proceeds from the sale to the trust.

In response to Howell's petition, Bates filed two actions. First, in superior court, Bates filed a declaratory judgment action, seeking a ruling that the trust was valid. In this action, Bates also asserted a claim against Howell for wrongful restraint against the orderly administration of the trust. Second, in probate court, Bates sought to probate the will in solemn form. Howell filed a caveat, challenging the validity of the will and Bates's fitness to serve as executor.

In the superior court action, Bates moved for partial summary judgment on the issue of the trust's validity, and the court granted the motion. Howell appealed the ruling, and we affirmed. *Howell v. Bates as Trustee of Anne S. Florance Revocable Trust*, 350 Ga. App. 708 (830 SE2d 250) (2019). The superior court then granted Howell's motion for summary judgment on Bates's wrongful restraint claim. Bates appealed this ruling, and we reversed, finding Howell liable as a matter of law for wrongful restraint. *Bates v. Howell*, 352 Ga. App. 733, 741-745 (1) (835 SE2d 814) (2019).

While the superior court action remained pending, Bates filed a motion for partial summary judgment in the probate court, arguing that Howell lacked standing to contest the validity of the will. Specifically, Bates argued that Howell lacked any pecuniary interest in the estate as all estate assets had been transferred to the trust and

there was nothing left to pass via intestate distribution. Howell objected to the motion, arguing among other things that no pecuniary interest is required to create standing. Howell further argued that, even if the estate did not currently have assets, it potentially had valuable claims against Bates based upon his alleged misconduct.[2]

At the hearing, the court found on the record "that all blood relatives have standing to file a caveat." Although the trial court questioned whether there were any assets left in the estate to inherit, it let the caveats proceed. The trial court thus denied the motion for partial summary judgment. Bates sought review of the trial court's ruling, and we granted his interlocutory application.

On appeal, Bates argues that the trial court erred in finding that all family members have standing to caveat a will. He argues, among other things, that a caveator must have a legal or pecuniary interest in the estate to have standing. Howell, on the other hand, argues that the appeal should be dismissed as moot. While the interlocutory application was pending, Howell filed a "joint notice of amendment" on behalf of herself and the other caveators "removing the claim contesting the

---

[2] Howell makes salacious accusations that Bates had an inappropriate relationship with Florance, but Howell does not appear to allege that Bates engaged in self-dealing or diverted assets to his own use.

validity of the Will of Anne S. Florance[.]" According to Howell, her standing to challenge the validity of the will was the only issue presented by the interlocutory application; she thus reasons that her removal of this issue precludes appellate review. Howell claims that the remaining caveat to Bates's fitness to serve as executor remains pending before the trial court.

Contrary to Howell's contention, the standing issue has not been rendered moot. The issue on appeal – as framed by the trial court's order – is Howell's standing to caveat the will. And standing is a threshold issue. *Rondowsky v. Beard*, 352 Ga. App. 334, 340 (1) (b) (835 SE2d 28) (2019); see also *New Cingular Wireless PCS, LLC v. Georgia Dept. of Revenue*, 303 Ga. 468, 470 (1) (813 SE2d 388) (2018) (appellate court is duty-bound to consider standing, which is a threshold jurisdictional issue).

> As the Supreme Court of Georgia has held, standing is in essence the question of whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues, and litigants must establish their standing to raise issues before they are entitled to have a court adjudicate those issues.

*Principal Lien Svcs., LLC v. Nah Corp.*, 346 Ga. App. 277, 281 (1) (814 SE2d 4) (2018) (citations and punctuation omitted).

The question of who has standing to caveat a will has been determined on a case by case basis, the general statement of the rule being that a will may be contested by any person interested in the estate of the deceased, but cannot be contested by strangers. A person who will be injured by probate of a will, or who will benefit by its not being probated, has an interest in the proceeding so as to provide the necessary standing to caveat.

*Melican v. Parker*, 283 Ga. 253, 254 (1) (657 SE2d 234) (2008) (citation and punctuation omitted). Although Georgia has endorsed a trend broadening the class of persons entitled to contest a will, this endorsement has not altered the fundamental requirement that a caveator have, at least, a potential interest in the proceeding. See id. 254-257 (1) (holding that trustee with a potential interest in the validity of codicil had standing to file a caveat to the codicil).

Here, Howell has no interest, potential or otherwise. It is undisputed that Florance's will poured over all assets into the trust. The validity of that trust has already been established. See *Howell*, 350 Ga. App. at 708. Since Howell has withdrawn any challenge to the will – and since the will pours over all assets into a valid trust – Howell will neither benefit from the will being probated nor be harmed

by its not being probated. Even if the estate has a claim against Bates, Howell will not benefit by the prosecution of that claim. By withdrawing her challenge to the will itself, Howell has rendered herself a stranger to the will and deprived herself of standing to file a caveat.[3] See, e. g., *Norman v. Gober*, 288 Ga. 754, 754-755 (707 SE2d 98) (2011) (minor who would not benefit by contesting will lacked standing to file caveat). Because Howell lacks standing, she cannot file *any* caveat, including the caveat to Bates as executor. Compare *Odom v. Hughes*, 293 Ga. 447, 449-450 (1) (748 SE2d 839) (2013) (although not an heir at law, caveator who could benefit by challenging a will had standing to caveat). Again, standing to caveat a will is decided on a case by case basis. See *Melican*, 283 Ga. at 254 (1). Under the facts of this case, Howell lacks standing.

*Judgment reversed. Doyle, P. J., and Gobeil, J., concur.*

---

[3] Arguably, a beneficiary under the trust who could potentially benefit from the estate's claims against Bates would have standing to challenge his appointment as executor of the will. Because Howell violated the trust's "no contest" clause, however, she forfeited any right to distribution under the trust. See *Howell*, 350 Ga. App. at 715-716 (3) (upholding superior court's ruling that Howell violated the trust's "no contest" clause). Howell is thus not a beneficiary under the trust, and we do not address her standing as such.